**SUNDANCE OIL COMPANY, Petitioner,**

v.

**AZTEC PIPE AND SUPPLY COMPANY, INC., Respondent.**

No. B–7752.

Supreme Court of Texas.

Nov. 15, 1978.

PER CURIAM.

Sundance Oil Company, the petitioner, brought suit upon a sworn account under Texas Rules of Civil Procedure 185 for certain pipe and equipment it claims it sold to Aztec Pipe and Supply Company, Inc., the respondent. The respondent filed a general denial that normally would not be sufficient under Texas Rules of Civil Procedure 185 to deny the account. The trial court granted petitioner's motion for summary judgment. The court of civil appeals reversed in *Aztec Pipe and Supply Co. v. Sundance Oil Co.,* 568 S.W.2d 401 (Tex.Civ.App.—Houston [1st Dist.] 1978), reasoning that the respondent was a stranger to the transaction and a sworn denial was not required.

The judgment of the court below is correct because the invoice or "joint interest statement" upon which the petitioner relies contains not only the name of Aztec Pipe and Supply Company, but also the name of another company, Dynamic Exploration,

thus raising a fact question as to which company actually is indebted to the petitioner. There being a fact question as to whether the defendant was a party to the transaction evident from the face of the plaintiff's own invoices, the sworn account is not considered as prima facie proof of the debt. Therefore, a sworn denial is not required in order for the respondent to controvert or disprove the account. *Eng v. Wheeler,* 302 S.W.2d 70 (Tex.Civ.App.—San Antonio 1957, writ dism'd); and *Boysen v. Security Lumber, Inc.,* 531 S.W.2d 454 (Tex. Civ.App.—Houston [14th Dist.] 1975, no writ). The petitioner's application for writ of error must be refused, no reversible error.