## The M. E. MORGAN COMPANY, Appellant,

v.

## BOISE CASCADE CORPORATION, BUILDING MATERIALS AND SERVICES DIVISION, Appellee.

### No. 8692.

Court of Civil Appeals of Texas, Texarkana.

April 24, 1979.

Rehearing Denied June 5, 1979.

C. Thomas Wesner, Jr., Wesner, Wylie & Pleasant, Dallas, for appellant.

Randall F. Adair and Carol E. Farquhar, Guest, Hoecker & Adair, Dallas, for appellee.

HUTCHINSON, Justice.

This is a suit upon a sworn account instituted by appellee, Boise Cascade Corporation (Cascade), against appellant, The M. E. Morgan Company (Morgan). Cascade's motion for summary judgment was granted and Morgan has perfected this appeal.

Morgan's answer consists of a general denial and an allegation that the account was not just and true. However, the answer admittedly did not comply with the requirements of Rule 185, Tex.R.Civ.P., and did not constitute a sworn denial as required by such rule.

This appeal is based primarily upon Morgan's assertion that the account sued upon was insufficient under Rule 185 in that it did not show with reasonable certainty the nature of each item, the date

and the charge therefor. In support therefor reliance is placed upon the cases of *Hassler v. Texas Gypsum Company, Inc.*, 525 S.W.2d 53 (Tex.Civ.App.Dallas 1975, no writ), and *Bookstall, Inc. v. John Roberts, Inc.*, 517 S.W.2d 451 (Tex.Civ.App.Austin 1974, no writ). It should be noted that in each of those cases the judgment was entered by default.

Cascade's petition contained the following allegation:

"That the Plaintiff and Defendant were engaged in the same or similar industry and trade at all times mentioned herein and as members of such common industry and trade have knowledge of the symbols, letters, words and numbers used to describe the goods shown on the invoices attached to this petition as part of Exhibit 'A'. That the Defendant ordered the goods described in said invoices and that said Defendant is familiar with and knows the meaning of the symbols, letters, words and numbers used on said invoices to describe the goods sold and delivered to the Defendant."

However, the petition was not sworn to and no summary judgment proof was offered in support of this allegation. Morgan's answer did not contain an exception directing the court's attention to the now complained of insufficiency of the account attached to Cascade's petition, and did so only in its motion for a new trial.

As noted, Morgan did not by motion or exception in writing bring to the attention of the trial court its complaint of the insufficiency of the account before the rendition of the judgment. Rule 90, Tex.R.Civ.P., specifically provides that defects in pleadings are waived unless specifically pointed out by motion or exception in writing before the rendition of the judgment. It has been noted that Rule 90 does not specifically refer to summary judgment pleadings but in so doing the court held that the same considerations apply and defects are waived if not pointed out by motion or exception. *Jones v. McSpedden*, 560 S.W.2d 177 (Tex. Civ.App.Dallas 1977, no writ), wherein the court stated:

". . . If the opposing party files an exception to the motion stating that failure to specify the ground for summary judgment leaves him without adequate information for opposing the motion, and this exception is overruled, then he might have a valid complaint on appeal. . . Since no such exception was filed, we hold that this defect was waived. *Spray v. Stash*, 523 S.W.2d 262, 263 (Tex.Civ. App.—Eastland 1975, writ ref'd n.r.e.)."

Too, it should be noted that the judgments in both *Hassler* and *Bookstall*, supra, were by default and therefore specifically exempted from the requirements of Rule 90. This rule was not the basis for either of these decisions but the results reached are consistent with the rule.

Regardless of the foregoing comments relative to Rule 90, the judgment of the trial court here finds ample support under Rule 185 alone. Perhaps the most frequently cited and sometimes criticized (Tomasic & Kieval, *Sworn Accounts and Summary Judgment Proceedings in Texas: A Proposed Change*, 17 S.Tex.L.J. 147 (1976)) case is *Wilson v. Browning Arms Company*, 501 S.W.2d 705 (Tex.Civ.App.Houston-14th Dist. 1973, writ ref'd), relying upon a footnote in *Hidalgo v. Surety Savings and Loan Association*, 462 S.W.2d 540 (Tex.1971), where the court referring to suits based upon sworn accounts stated:

". . . In such cases summary judgment does not rest on proof supplied by pleading, sworn or unsworn, but on deficiencies in the opposing pleading. . . ."

The court then proceeded to hold that under Rule 185 a properly verified petition should be taken as prima facie evidence thereof and unless the defendant files a written denial under oath in the form provided by the rule, the defendant will not be heard to deny the claim. Also see *Brown v. Clark*, 557 S.W.2d 558 (Tex.Civ.App.Texarkana 1977, no writ); *Edinburg Meat Products Co. v. Vernon Company*, 535 S.W.2d 432 (Tex. Civ.App.Corpus Christi 1976, no writ); *Goodman v. Art Reproductions Corporation*, 502 S.W.2d 592 (Tex.Civ.App.Dallas 1973,

writ ref'd n.r.e.); *McDonald v. Newlywed's, Inc.*, 483 S.W.2d 334 (Tex.Civ.App.Texarkana 1972, writ ref'd n.r.e.).

The author of the above referred to law review article (17 S.Tex.L.J. 147) examined the sued upon account in *Wilson v. Browning Arms Company*, supra, and discusses its inadequacies. The instant account has been examined by this Court and it too has its inadequacies. However, such inadequacies were not brought to the attention of the trial court by motion or by exception to the pleadings or to the account as required by Rule 90 and it can properly be said, if need be, that such inadequacies were waived. *Jones v. McSpeeden*, supra; *Goodman v. Art Reproductions Corporation*, supra.

The judgment of the trial court is affirmed.