**FOSTER BROTHERS MANUFACTURING COMPANY, Appellant,**

v.

**STYLE–RITE MANUFACTURING COMPANY, Appellee.**

No. 6130.

Court of Civil Appeals of Texas, Waco.

Jan. 17, 1980.

Rehearing Denied Feb. 28, 1980.

Robert J. Wilson, Robert J. Wilson & Associates, Inc., Burleson, for appellant.

Terry W. Bradley, Bradley & Lummus, Cleburne, for appellee.

## OPINION

JAMES, Justice.

This appeal originated from judgment rendered on a counterclaim in the form of an action on a sworn account. Foster Brothers Manufacturing Company, Appellant, brought suit against Style-Rite Manufacturing Company, Appellee, for breach of warranties made in the sale of merchandise. Style-Rite answered with a general denial and also filed a counterclaim against Foster Brothers in the nature of a sworn account, with past due invoices offered as exhibits in support of the counterclaim. Appellant Foster Brothers did not file any response to Style-Rite's counterclaim. During a jury trial on the merits, Foster Brothers took a nonsuit on the breach of warranty action, but Style-Rite proceeded to prosecute its counterclaim in a hearing before the judge without the jury. In this hearing Style-Rite introduced into evidence its sworn account, i. e. the past due invoices which were made a part of the sworn pleadings in the counterclaim. Foster Brothers objected to the introduction of some of the invoices for the reason that they were addressed to "Foster Hard Furniture Company" rather than to "Foster Brothers Manufacturing Co.", the named defendant in the counterclaim. The objection was overruled, the invoices in question were admitted, and the trial court rendered judgment against Foster Brothers for the total amount of all invoices offered by Style-Rite, plus attorney's fees.

Foster Brothers appeals this judgment on only one point of error, asserting that the trial court improperly admitted into evidence the invoices which were addressed to "Foster Hard Furniture Company." Foster Brothers claims that in this case these invoices were hearsay as to Fosters Brothers and cannot support a judgment against Foster Brothers.

The record in this case shows that Style-Rite's verified account, as it appeared in the pleadings and as offered into evidence at the hearing, included a total of seven invoices. Two of the invoices were addressed to "FOSTER BROS. MFG. CO., 2101 S. Vandeventer, St. Louis, Mo. 63110." The remaining five invoices were addressed to "FOSTER HARD FURNITURE CO., 230 Crider St., Buffalo, N. Y. 14215." The "Cross-Defendant" named in Style-Rite's counterclaim was "Foster Bros. Mfg. Company." The Civil Docket Sheet included in the transcript of this case indicates that Style-Rite had citation issued in its counterclaim and that said citation was served on "Roy Adams at St. Louis, Missouri." There is nothing in the record to show any connection whatsoever between Appellant Foster Brothers and the entity known as "Foster Hard Furniture Co."

As a general rule, a sworn account is prima facie evidence of a debt and the account need not even be formally introduced into evidence unless the account has been denied in writing under oath. *Airborne Freight Corp. v. CRB Marketing, Inc.* (Tex.1978) 566 S.W.2d 573. However, a sworn account is not prima facie evidence of a debt against a stranger to the transaction. *McCamant v. Batsell* (Tex.1883) 59 Tex. 363; *Hilton v. Musebeck Shoe Co.* (Austin Tex.Civ.App.1974) 505 S.W.2d 341, NRE; *Copeland v. Hunt* (Corpus Christi Tex.Civ.App.1968) 434 S.W.2d 156, NRE; *Eng v. Wheeler* (San Antonio Tex.Civ.App. 1957) 302 S.W.2d 263, writ dism'd w. o. j. In fact, such accounts, though verified, are hearsay as to strangers to the transactions

included in the sworn account. *Copeland v. Hunt,* cited supra; *Sampson v. Apco Oil Corporation* (Amarillo Tex.Civ.App.1972) 476 S.W.2d 430, NWH. By way of analogy to the case at bar, even in the absence of a sworn denial, a sworn account showing obligations by someone other than the defendant cannot support a summary judgment. *Aztec Pipe and Supply Company, Inc. v. Sundance Oil Company* (1st Houston Tex. Civ.App.1978) 568 S.W.2d 401, NRE, per curiam, 576 S.W.2d 780 (Tex.1978). Furthermore, sworn accounts including obligations of someone other than the defendant cannot support a default judgment against the defendant. *Hancock v. O. K. Rental Equipment Company* (San Antonio Tex.Civ. App.1969) 441 S.W.2d 955, NWH.

■ In the instant case Foster Brothers did not file any pleadings in response to Style-Rite's sworn account. However, the account showed on its face that some of the obligations sued on were obligations charged to someone other than Appellant Foster Brothers. As stated above, such a sworn account cannot support a default judgment against a "stranger" defendant. *Hancock v. O. K. Rental Equipment Company,* cited supra. Likewise, in the instant case, the invoices charged to "Foster Hard Furniture Company," though verified, were not admissible over objection, as evidence of a debt of Appellant Foster Brothers Manufacturing Company, unless some connection was shown between the Appellant Foster Brothers and the entity addressed as "Foster Hard Furniture Co." The record contains no evidence of any connection between the Appellant and this other entity.

In the absence of evidence connecting the Appellant and the "Foster Hard Furniture Company," the trial court improperly admitted into evidence the invoices addressed to this other entity. The judgment of the trial court is therefore reversed and the cause remanded for new trial.

REVERSED AND REMANDED.

### OPINION ON MOTION FOR REHEARING

The trial court awarded Cross-Plaintiff Style-Rite Manufacturing Company judgment against Cross-Defendant Foster Brothers Manufacturing Company based upon a sworn account in the amount of $2152.22, plus $400.00 attorney's fees and costs. In our original opinion of January 17, 1980, we reversed and remanded all of said judgment.

Appellee contends in its Motion for Rehearing that said sworn account contained two invoices addressed to Foster Brothers Manufacturing Company totalling $1611.85, and asks this court to affirm the trial court's judgment in this last-named amount.

We sustain this contention, and accordingly set aside our disposition of this cause as provided for in our original opinion of January 17, 1980, and in lieu thereof hereby enter the following judgment:

The trial court's judgment in favor of Style-Rite against Foster Brothers for $2152.22 is hereby modified by awarding Appellee Style-Rite Manufacturing Company judgment against Appellant Foster Brothers Manufacturing Company in the amount of $1611.85, and as modified, said judgment is hereby affirmed.

■ The judgment in favor of Style-Rite against Foster Brothers for $400.00 attorney's fees is hereby severed from the main cause, and said portion is hereby reversed and remanded to enable the trial court to award reasonable attorney's fees to be determined by said court in favor of Style-Rite against Foster Brothers in the light of the modification of the main judgment.

Costs of this appeal are assessed one-half each to Appellant and Appellee.

MODIFIED AND AFFIRMED IN PART, AND REVERSED AND REMANDED IN PART.