**C. T. LAMBERT, Appellant,**

v.

**DEALERS ELECTRICAL SUPPLY, INC., Appellee.**

**No. 20652.**

Court of Appeals of Texas, Dallas.

Sept. 3, 1981.

Rehearing Denied Feb. 18, 1982.

Joe Putnam, Irving, for appellant.

John L. Bates, Waco, for appellee.

Before GUITTARD, C. J., and AKIN and CARVER, JJ.

AKIN, Justice.

This litigation arose when Dealers Electrical Supply, Inc. (Dealers) sued "C. T. Lambert individually and d/b/a CTL Construction Company" on a sworn account under Tex.R.Civ.P. 185. Lambert answered and asserted defenses, but failed to swear to his answer as required by rule 185. At trial, the judge admitted into evidence the account but declined to permit Lambert to tender evidence on his defenses. The judge then rendered judgment against Lambert on the account, which showed that the goods were sold to CTL Construction Company, rather than Lambert. Lambert appeals on the ground, among others, that Dealers failed to prove that Lambert was conducting business in the name of CTL Construction Company, and therefore, as a stranger to the account, no sworn denial was required under Tex.R.Civ.P. 185 and that he should have been allowed to present evidence on his defenses. We hold that where the plaintiff sues the defendant individually and doing business under an assumed name on a sworn account and the affidavit of account and the sales invoices specify only the defendant's assumed name as debtor and where plaintiff failed to allege and to prove that defendant was conducting business under that assumed name, judgment against the individual on the account was error. Accordingly, we reverse and remand.

Lambert argues that the affidavit of account required by rule 185 and the sales invoices produced by Dealers show CTL Construction Company as purchaser rather than Lambert. Consequently, he asserts that he was a stranger to the transaction and not required to meet the requirements of rule 185 by denying the account under oath. On the other hand, Dealers argues that its petition naming Lambert, "individually and d/b/a CTL Construction Company" and the sales invoices made out to CTL Construction establish that Lambert was not a stranger to the transaction and, therefore, a sworn denial was required. We agree with Lambert.

In its petition, Dealers alleged that both Lambert and CTL Construction Company were defendants, although it sued only Lambert, "individually, and d/b/a/ CTL Construction Company." At no place in its petition does Dealers allege that Lambert was doing business under an assumed name at the time he purchased the goods; instead, the petition appears to name two "defendants" and alleges that both Lambert and CTL Construction Company were liable to it on the account. The affidavit to which the account is attached states that the goods shown on the invoices were sold to CTL Construction Company. Likewise, all invoices show CTL Construction as the purchaser. In the absence of any sworn statement in the account that Lambert was doing business in the name of CTL Construction Company, Lambert was a stranger to the account. Consequently, we hold that the sworn account was not prima facie evidence of an account against Lambert under rule 185, upon which, without more, a judgment against him cannot be upheld. *Sundance Oil Co. v. Aztec Pipe and Supply Co., Inc.*, 576 S.W.2d 780, 781 (Tex.1978) (Per Curiam); *Foster Brothers Manufacturing Co. v. Style-Rite Manufacturing Co.*, 594 S.W.2d 555, 556 (Tex.Civ.App.—Waco 1980, no writ).

We note that Tex.R.Civ.P. 93(o), which requires a defendant to deny under oath that he is not doing business in an assumed name as alleged, has no application here because Dealers failed to make such an allegation in its petition or in the account

sworn. The mere fact that Dealers sued Lambert "individually and d/b/a/ CTL Construction Company" is not the equivalent of alleging that Lambert was doing business in that name at the time he purchased the goods. Consequently, rule 90 does not apply and Lambert's answer was sufficient to place the account in issue. Of course, if the sworn account had set forth Lambert "individually d/b/a/ CTL Construction Company" rule 90 would apply. Indeed, in such a case the account would be prima facie proof of the account against Lambert.

Reversed and remanded.

## ON MOTION FOR REHEARING

■ Appellee Dealers Electrical Supply now asserts that we erred in our original opinion because we ignored Tex.R.Civ.P. 93(o) and failed to apply that rule. We cannot agree with this contention because Dealers Electrical failed to allege that Lambert was doing business as CTL Construction Company. Thus, Lambert was not required to answer in accordance with Rule 93(o). In this respect, Dealers assumes that it had pleaded that Lambert was doing business as CTL Construction Company; however, as noted in our original opinion, no such allegation was pleaded. The only reference in Dealer's petition with respect to whether Lambert was doing business as CTL Construction Company was in the style of the case and in the preamble to the allegation, an anachronism which stated: "Now comes Dealers Electric Supply complaining of C. T. Lambert d/b/a CTL Construction Company and would show the following:." Thereafter, in the numbered allegations of its petition, Dealers pleaded that two defendants had ordered and received the goods for which suit was brought but never alleged that Lambert was doing business as CTL Construction Company. Thus, whether plaintiff pleaded that Lambert was doing business as CTL Construction Company depends upon whether the arcane preamble is part of the allegations that plaintiff intended to prove. We hold that it is not a part of the original allegation.

Our holding is consistent with Tex.R. Civ.P. 50 which provides: "All averments of claim . . . shall be made in numbered paragraphs. . . Each claim founded upon a separate transaction . . . shall be stated in a separate count . . . ." Thus, only those matters *alleged* in the body of the petition are matters upon which defendant is placed upon notice that plaintiff intends to prove upon trial. This rule is predicated upon the principle that pleadings are to place the opposing party on notice of that which plaintiff intends to prove. Neither the style of the case nor the preamble used here are allegations of fact so as to put the defendant on notice that plaintiff intends to prove that Lambert was doing business as CTL Construction Company as required by due process. Had Dealers Electrical intended to place Lambert on notice that it intended to prove that Lambert was doing business as CTL Construction Company, it should have so pleaded under a numbered paragraph in the body of the petition, consistent with rule 50. Indeed, apart from the style and preamble to the allegations, Dealers Electrical was suing two defendants, Lambert *and* CTL Construction Company, and prayed for judgment against each defendant, jointly and severally! We conclude, therefore, that neither matters contained in the language used by plaintiff in the style of the suit nor in the preamble to Dealers Electrical petition are matters putting the defendant on notice that plaintiff intended to prove those matters. Instead, we hold that only those particulars *alleged* in the body of the petition are matters which require response by the defendant under rule 93. Accordingly, we overrule Dealers Electric's motion for rehearing and hold that a plaintiff must first plead facts alleging capacity before a defendant is required to respond under rule 93(o).

GUITTARD, Chief Justice, dissenting.

I agree that a defendant is not required by rule 93(o) of the Texas Rules of Civil Procedure to deny under oath that he is "doing business under an assumed or trade name as alleged," unless the petition has alleged that he is so doing business. I cannot agree, however, that the petition in this case, when reasonably construed, does

not so allege. I would hold that its provisions are clear enough to give defendant notice of his claim and thus to invoke the requirements of rule 93(*o*).

The majority rest the decision on the circumstance that the petition does not state in any of the numbered paragraphs that defendant was doing business in the name of "CTL Construction Company," but only states in the opening paragraph or "preamble" that plaintiff is complaining of "C. T. Lambert, individually and d/b/a CTL Construction Company." The majority point out that the petition seems to treat Lambert individually and "CTL Construction Company" as two separate defendants. The majority would presumably reach a different result if plaintiff had averred in one of the numbered paragraphs, "Defendant C. T. Lambert is doing business as CTL Construction Company," notwithstanding use of "defendants" in the plural.

In my view, the majority draw too fine a line. No lawyer reading the petition is likely to get the impression that plaintiff is suing both Lambert and a corporation named "CTL Construction Company." The petition does not identify "CTL Construction Company" as a corporation, and the name itself does not indicate whether the "company" is a corporation, a partnership, or an individual proprietorship. The only explanation of the nature of the company is that stated in the opening paragraph: "C. T. Lambert, individually and d/b/a CTL Construction Company." Thus, it is clear from the petition that "CTL Construction Company" is intended as an assumed name for C. T. Lambert.

I concede that the expression "d/b/a" is a source of confusion. Apparently, plaintiff's counsel was confused as to whether an individual doing business in an assumed name has more than one capacity in which he may be sued. Of course, as a matter of law, "d/b/a" does not indicate a separate legal capacity, and an individual doing business in an assumed name may be sued as an individual on any debt incurred in that name. The assumed name is only a matter of identification. Consequently, any lawyer reading this petition must be deemed to know that when a person is sued "individually and as d/b/a," only one defendant is named and only one defendant is sued, notwithstanding the use of "defendants" in the plural. The identification of defendant in the opening paragraph as doing business in an assumed name rather that in one of the numbered paragraphs may be an error of form subject to a special exception, but it hardly creates such an uncertainty or an ambiguity in the allegations as to relieve the defendant of the requirements of rule 93(*o*).

This lack of uncertainty is demonstrated by defendant's posture before the trial court, which demonstrates that the petition was adequate to inform him of the nature of plaintiff's claim. The proof of the pudding is the eating. Defendant evidently recognized that he was sued individually for a debt incurred by "CTL Construction Company" because he met the issue squarely by denying that he had contracted with plaintiff in an individual capacity and by alleging that "CTL Construction Company" was a corporation. He failed, however, to verify his answer by affidavit, as required by rule 93(*o*). At the trial he offered proof "that the debt is a corporate debt, not an individual debt of Mr. Lambert." The judge sustained plaintiff's objection to this proof on the ground that defendant was not entitled to present evidence in the absence of a sworn denial complying with rules 93 and 185. This ruling, in my opinion, was correct. Since the defect of form in alleging the "d/b/a" in the opening paragraph rather than in one of the numbered paragraphs was not brought to the judge's attention in any manner, that defect was waived under rule 90.

Defendant raised no objection concerning the sufficiency of the petition until he filed his brief in this court, in which he asserts for the first time that the petition "names two defendants" and "alleges that the material sued on was sold and delivered to Defendant CTL Construction Company only." This argument is evidently an afterthought, since defendant's main argument is that the items in the account are not sufficiently described. That defect, in my

view, also was waived. *M. E. Morgan Co. v. Boise Cascade Corp.*, 583 S.W.2d 436 (Tex. Civ.App.—Texarkana 1979, no writ). Accordingly, I conclude that the judgment should be affirmed.