TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-97-00682-CV







Jack Burch, Appellant



v.



Dick Plank d/b/a Cleveland Supply, Appellee







FROM THE DISTRICT COURT OF LIBERTY COUNTY, 253RD JUDICIAL DISTRICT


NO. 53,139, HONORABLE CHAP B. CAIN III, JUDGE PRESIDING







 Jack Burch appeals from a judgment rendered against him in a suit by Dick Plank. 
We will reverse the judgment and remand the cause to the trial court. 


THE CONTROVERSY


 Charles Bortz contracted with Burch to erect at Burch's home a concrete slab and
metal building. At the start of the project, Burch gave his credit-card number and its expiration
date to Bortz. Bortz used the credit-card information to obtain from Plank $6,200 in cash. (1) Bortz
applied as follows the cash received from Plank:


Paid to Plank:


 To discharge a pre-existing debt, 

 unrelated to Burch, that Bortz owed Plank $ 716.07


 To reimburse Plank for amount charged by 

 credit-card issuer for making the cash transaction 372.00


 To pay purchase price of materials, for

 Burch project, furnished by Plank 2,186.29


 Paid to Campbell Ready Mix for purchase 

 and delivery of concrete for Burch project 1,217.81


 Total $4,492.17



Bortz retained the remaining $1,707.83. Plank delivered the purchased materials to Burch's home
for use in the project.

 After the slab was laid, Burch and Bortz fell into dispute about whether the slab was
sufficiently square to accommodate properly the metal building. Burch discharged Bortz and
engaged another contractor who completed the work by installing on the slab a metal building that
was somewhat longer than required by Bortz's contract with Burch.

 Approximately two months after Bortz had obtained the $6,200 from Plank, Burch
disputed the charge against his credit card. The issuer charged the $6,200 back against Plank. 
Plank then sued Burch in the present cause, alleging the following causes of action if we
understand correctly his original petition: (1) common-law action for debt; (2) an equitable action
in quantum meruit; (3) an action on verified account under Rule 185 of the Texas Rules of Civil
Procedure; and (4) an action based upon Burch's breach of his contract with Bortz. (2)

 Following a bench trial on the foregoing allegations, Plank recovered judgment
against Burch in the amount of $5,100, together with attorney's fees, costs of court, and an order
that Plank be allowed to retrieve from Burch's property that part of the materials furnished by
Plank that had not been incorporated into the project.

 The trial judge's conclusions of law declare as follows: (1) Plank and Bortz and
Burch entered into a contract; (2) Bortz and Burch breached their contract with Plank; and (3)
Burch's breach caused Plank damages in the amount of $5,100. These conclusions of law are
derived from the following findings of fact filed in the trial court: (1) Plank gave $6,200 in cash
to Bortz and Burch on the latter's "credit card for the purchase of building materials"; (2) Burch
canceled the $6,200 charge to his credit card, which was then charged back against Plank; (3)
"Burch accepted the concrete slab and building materials delivered to his premises" and has not
paid for them; (4) "Burch would be unjustly enriched if he did not pay for the materials"; (5)
Burch provided Bortz the credit-card information which "was used to purchase materials for the
construction of the steel building on [Burch's] property"; and (6) Bortz used the credit-card
information to purchase such materials. 

DISCUSSION AND HOLDINGS


 In his first two assignments of error, Burch challenges the legal and factual
sufficiency of the evidence to support the findings that a contract existed between Burch and
Plank. We sustain the complaint that the evidence is legally insufficient to support the finding. 

 We may not assess the sufficiency of the evidence save in relation to the elements
of the particular cause of action upon which Plank recovered his judgment. Unfortunately, the
pleadings, the findings of fact, and the conclusions of law make this somewhat difficult for a want
of clarity and consistency. We shall do the best we can with what we have.

 The judgment expressly awards Plank $5,100. The judgment rests explicitly upon
a conclusion of law that Burch breached a contract he had made with Plank. (3) Plank did not allege,
however, the existence or the breach of such contract. Plank alleged instead that Bortz and Burch
"had a contract" and Burch "has not performed his contractual obligations and paid though he has
the building" for which he contracted with Bortz. "Specifically," Plank alleged, Burch "has not
paid for the goods that were delivered in [sic] the contract and owes [Plank] the sum of $6,200.00,
for the materials delivered and the credit card charge back." 

 It is obvious that the judgment, which awards Plank recovery for Burch's breach
of a contract with Plank, does not conform to Plank's pleading in which the only contract alleged
is that between Burch and Bortz. See Tex. R. Civ. P. 301 (the judgment shall conform to the
pleadings, [and] the nature of the case proved).

 The evidence establishes without dispute the existence of a contract between Burch
and Bortz and a contract between Plank and Bortz. There is no evidence, however, to establish
the existence of a contract between Burch and Plank as set out in the trial judge's findings of fact. 
That is to say, nothing in the evidence shows, as between Burch and Plank, mutual consent, offer
and acceptance, or mutual promises by which Plank agreed to be responsible for the $6,200 in
cash that Plank paid to Bortz. (4)

 It is not possible to view the judgment below as resting on a theory that Bortz acted
as Burch's agent in obtaining the $6,200 in cash from Plank, or a theory that Plank was a third-party beneficiary of the contract between Burch and Bortz. Plank did not plead these theories and
no finding of fact establishes an element of those theories, such as a finding that Burch and Bortz
agreed that Bortz might use the credit-card information to obtain $6,200 in cash or that Bortz and
Plank intended in their contract that it be for Plank's benefit. (5) Where the trial court judgment rests
upon findings of fact, those findings "form the basis of the judgment upon all grounds of recovery
. . . embraced therein," and "[t]he judgment may not be supported upon appeal by a presumed
finding upon any ground of recovery . . . no element of which has been included in the findings
of fact." Tex. R. Civ. P. 299. See Carruth v. Valley Ready-Mix Concrete Co., 221 S.W.2d 584,
594 (Tex. Civ. App.--Eastland 1949, writ ref'd). And the judgment may not be interpreted as
awarding Plank a recovery on his cause of action for common law debt because the evidence is
undisputed that Bortz incurred the debt, not Burch. See Williams v. Khalaf, 802 S.W.2d 651, 656
(Tex. 1990). Nor may the judgment be understood as awarding Plank a recovery on the basis of
a verified account under Texas Rule of Civil Procedure 185 because the evidence is undisputed
that Bortz, not Burch, charged against the open account. See Sundance Oil Co. v. Aztec Pipe &
Supply Co. Inc., 576 S.W.2d 780, 780-81 (Tex. 1978). Consequently, we may not review the
sufficiency of the evidence to ascertain whether it will support a judgment on any of these theories. 

 Plank did plead a cause of action in quantum meruit, however, and the trial judge's
findings of fact include findings that Burch accepted building materials delivered by Plank and
would be unjustly enriched if he did not pay for them. These refer explicitly to two elements of
a claim in quantum meruit. See Vortt Exploration Co., Inc. v. Chevron U.S.A., Inc., 787 S.W.2d
942, 943 (Tex. 1990). 

 The record shows as follows: Plank delivered to Burch's home specified quantities
of materials listed on two invoices. Bortz incorporated some of these materials in the slab he laid,
leaving unused a quantity not shown in the evidence. (The trial-court judgment directs that Plank
be allowed to recover from Burch's premises the unused materials.) The evidence is in conflict
or is undeveloped concerning whether and to what extent Burch benefitted from that part of the
materials that were in fact incorporated in the project. Moreover, the extent of any benefit is
complicated by Burch's evidence that the slab poured by Bortz was out of square, which caused 
Burch to incur additional expense in adjusting the metal building (erected by another contractor)
to fit the slab; Plank's evidence, on the other hand, indicated the configuration of the slab was
within a tolerance acceptable in the trade; Burch's evidence on that point is to the contrary. In
addition, the building actually erected on the slab is longer than that required of Bortz in his
contract with Burch, which might affect the extent to which Burch benefitted from the materials
supplied by Plank. There are no findings of fact regarding any of these material matters pertaining
to a claim in quantum meruit and we cannot presume findings as to which the evidence is silent. (6)

 While we must reverse the judgment below for an entire want of evidence that a
contract existed between Burch and Plank, which Burch breached--the stated basis for the
judgment. It is evident that the case was tried on the wrong theory and not fully developed
regarding Plank's claim in quantum meruit. Accordingly, we reverse the judgment and remand
the cause to the trial court for another trial in the interest of justice. See Tex. R. App. P. 43.3(b).



 

 John E. Powers, Justice

Before Justices Kidd, B. A. Smith and Powers*

Reversed and Remanded

Filed: July 15, 1999

Do Not Publish


* Before John E. Powers, Senior Justice (retired), Third Court of Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (West 1998).
1. Bortz testified that Burch expressly authorized Bortz's use of the credit-card information to
obtain the $6,200 in cash as a "down payment" on the project. Burch denied that he did so, and
testified that he gave Bortz the credit-card information only in order that he might purchase ready-mix concrete from a named supplier. 
2. Plank also sued Bortz on the same causes of action, apparently, and Burch cross-claimed
against Bortz for breach of contract and property damage. Burch also counterclaimed against
Plank for damages arising from the unauthorized use of Burch's credit card and for conspiring
with Bortz to defraud Burch of $6,200.


 Bortz testified at trial but did not appear in the cause. Both Burch and Plank obtained
default judgments against Bortz, Plank in the amount of $6,200 and Burch in the amount of
$2,551.79, together with costs and attorney's fees. 
3. While the trial judge's conclusions of law refer to a single basis for the judgment--breach
of a contract existing between Plank and Burch--the findings of fact refer to two possible grounds
for the judgment: recovery for breach of contract and recovery in quantum meruit.
4. Plank admitted that he never dealt with Burch until after Plank advanced Bortz the $6,200
in cash; and, Plank testified he advanced that sum to Bortz in reliance upon Bortz's representation
that Burch would come to Plank's place of business and sign the credit-card slip pertaining to the
$6,200 transaction. Burch never did so. 
5. The evidence is in direct conflict on whether Burch in fact authorized Bortz to use the credit-card information to obtain the $6,200 in cash from Plank. Bortz testified that Burch so authorized
him; Burch flatly denied it. Whether Bortz was authorized to so use the information was thus an
issuable fact. The material point discussed here, however, is that no finding made by the trial
judge refers to the theory that Bortz acted as Burch's agent in obtaining the $6,200 from Plank. 
6. See Belcher v. Belcher, 808 S.W.2d 202, 206 (Tex. App.--El Paso 1991, no writ),
overruled on other grounds, Rodriguez v. Rodriguez, 860 S.W.2d 414, 417 n.3 (Tex. 1993). 



poured by Bortz was out of square, which caused 
Burch to incur additional expense in adjusting the metal building (erected by another contractor)
to fit the slab; Plank's evidence, on the other hand, indicated the configuration of the slab was
within a tolerance acceptable in the trade; Burch's evidence on that point is to the contrary. In
addition, the building actually erected on the slab is longer than that required of Bortz in his
contract with Burch, which might affect the extent to which Burch benefitted from the materials
supplied by Plank. There are no findings of fact regarding any of these material matters pertaining
to a claim in quantum meruit and we cannot presume findings as to which the evidence is silent. (6)

 While we must reverse the judgment below for an entire want of evidence that a
contract existed between Burch and Plank, which Burch breached--the stated basis for the
judgment. It is evident that the case was tried on the wrong theory and not fully developed
regarding Plank's claim in quantum meruit. Accordingly, we reverse the judgment and remand
the cause to the trial court for another trial in the interest of justice. See Tex. R. App. P. 43.3(b).



 

 John E. Powers, Justice

Before Justices Kidd, B. A. Smith and Powers*

Reversed and Remanded

Filed: July 15, 1999

Do Not Publish


* Befor