COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-128-CV

DEBORAH L. LEGGETT AND APPELLANTS

ALL OCCUPANTS OF 

4122 ORCHID LANE, 

MANSFIELD, TEXAS

V.

SFJV 2004-1, LLC APPELLEE

------------

FROM COUNTY COURT AT LAW NO. 1 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

In this forcible detainer case, Deborah L. Leggett and all occupants of 4122 Orchid Lane, Mansfield, Texas
 
(collectively, Leggett) appeal the trial court’s judgment in favor of appellee SFJV 2004-1, LLC (SFJV).  We affirm.

In 2005, SFJV sued Leggett for forcible detainer in a justice court, and the justice court rendered judgment for SFJV.  Leggett appealed that judgment to a county court at law for a trial de novo, and now appeals to this court the county court at law’s judgment in favor of SFJV. 

Leggett first argues that SFJV’s petition was not a valid pleading on which judgment could be rendered because it did not name a natural person or entity as plaintiff “within its body,” and the trial court failed to order SFJV to substitute its true name. 

Texas Rule of Civil Procedure 79 provides in pertinent part that a “petition shall state the names of the parties.”
(footnote: 2)  Rule 28 states, “Any partnership, unincorporated association, private corporation, or individual doing business under an assumed name may sue or be sued in its partnership, assumed or common name . . . but on a motion by any party or on the court’s own motion the true name may be substituted.”
(footnote: 3)
 When deciding who has been made a party to a suit, we consider the petition as a whole.
(footnote: 4)  Naming a party in the petition’s caption or style is sufficient even where the body of the petition simply uses the term “plaintiff” or “defendant” without repeating the party’s name.
(footnote: 5) 

Here, the style of the case in the caption of the original petition names the plaintiff as “SFJV 2004-1, LLC.”  The body of the petition refers to “Plaintiff, identified in the style above” and “Plaintiff.”  These references adequately named the plaintiff.

Leggett also argues that Rule 28 was violated because the trial court failed to order the plaintiff to substitute its true name.  As the appellant, Leggett bears the burden of showing error, including the burden of requesting that an official reporter’s record be prepared.
(footnote: 6)  We may not look outside the record but must decide the case on the record as filed.
(footnote: 7)  

Leggett has filed a clerk’s record but no reporter’s record.  The clerk’s record reveals that the only name associated with the plaintiff was “SFJV 2004-1, LLC.”  We have found no evidence in the record that “SFJV 2004-1, LLC” is an assumed name and, therefore, have no basis to conclude that the part of Rule 28 pertaining to substitution of an entity’s true name was violated, or even applied.
(footnote: 8) 

For these reasons, we overrule Leggett’s first point.

In her second point, Leggett contends that the trial court erred in hearing the case because there was an unresolved question of title to the property which deprived the county court at law of jurisdiction.  Leggett claims that the property was wrongfully foreclosed because of several “fundamental irregularities in the noticing of the substitute trustee’s sale” and that she informed the trial court that a federal suit had been filed alleging wrongful foreclosure. 

Forcible detainer actions may be prosecuted at the same time as title disputes, and the justice courts and county courts at law are not deprived of jurisdiction to adjudicate a forcible detainer action unless the question of title is “so intertwined with the issue of possession that possession may not be adjudicated without first determining title.”
(footnote: 9) 

There is no evidence in the appellate record pertaining to the question of title.
(footnote: 10)  Leggett, therefore, has not established that the question of title was intertwined with the issue of possession to such an extent that the trial court lacked jurisdiction to adjudicate the forcible detainer action.
(footnote: 11)  A contemporaneous federal suit challenging a foreclosure sale does not in and of itself deprive the county court at law of jurisdiction to determine the issue of possession.
(footnote: 12)  Accordingly, we overrule Leggett’s second point.

Having overruled both of Leggett's points, we affirm the trial court’s judgment.

PER CURIAM

PANEL A:  CAYCE, C.J.; LIVINGSTON and DAUPHINOT, JJ.

DELIVERED:  October 11, 2007 
 

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Tex. R. Civ. P.
 79. 

3:
Tex. R. Civ. P.
 28.

4:
Cox v. Union Oil Co. of Cal.
, 917 S.W.2d 524, 526 (Tex. App.—Beaumont 1996, no pet.); 
Hunt v. Employers Reinsurance Corp.
, 219 S.W.2d 483, 485 (Tex. Civ. App.—Fort Worth 1949, writ ref’d n.r.e.).

5:
See Boyattia v. Hinojosa
, 18 S.W.3d 729, 733 (Tex. App.—Dallas 2000, pet. denied) 
(citing 
Hall v. Johnson
, 40 S.W. 46, 47 (Tex. Civ. App. 1897, no writ))
.

6:
Tex. R. App. P.
 35.3(b)(2); 
Jackson v. U.S. Fid. & Guar. Co.
, 689 S.W.2d 408, 412 (Tex. 1985) (noting that an appellant has the burden to show that the judgment of the trial court was erroneously rendered);
 
Vickery v. Comm’n for Lawyer Discipline
, 5 S.W.3d 241, 252 (Tex. App.—Houston [14th Dist.] 1999, pet. denied) (noting that the burden of demonstrating error rests upon the appellant).

7:
See Quorum Int’l v. Tarrant Appraisal Dist.
, 114 S.W.3d 568, 572 (Tex. App.—Fort Worth 2003, pet. denied) (holding that court may not look outside of the record when the record does not contain evidence of parties’ contentions and that court is bound to determine the case on the record as filed).

8:
The sole case that Leggett cites in support of her argument is inapposite.  In 
Lambert v. Dealers Electrical Supply, Inc.
, the plaintiff sued on a sworn account, naming the defendant in the style of the case as “C.T. Lambert individually and d/b/a/ CTL Construction Company.”  629 S.W.2d 61, 61–62 (Tex. App.—Dallas 1981, writ ref’d n.r.e.).  The affidavit of account and the sales invoices, however, specified only CTL Construction Company, and the plaintiff failed to allege and prove that Lambert was conducting business under that assumed name.  
Id.
 at 62.  The Dallas Court of Appeals held that judgment against Lambert was erroneous because “the mere fact that the plaintiff sued Lambert ‘individually and d/b/a/ CTL Construction Company’ is not the equivalent of alleging that Lambert was doing business in that name at the time he purchased the goods.”  
Id.
 at 62–63. 
 
The court did not suggest that naming a party in the caption, but only referring to it as “plaintiff” in the body of the petition, is insufficient.

9:
A Plus Invs., Inc. v. Rushton
, No. 02-03-00174-CV, 2004 WL 868866, at *2–3 (Tex. App.—Fort Worth Apr. 22, 2004, no pet.) (mem. op.);
 see also Mitchell v. Armstrong Capital Corp.
, 911 S.W.2d 169, 171 (Tex. App.—Houston [1st Dist.] 1995, writ denied) (noting that “[i]f it becomes apparent that a genuine issue regarding title exists in a forcible detainer suit, the court does not have jurisdiction over the matter”);
 Haith v. Drake
, 596 S.W.2d 194, 196 (Tex. Civ. App.—Houston [1st Dist.] 1980, writ ref’d n.r.e.) (noting that “[w]here the right to immediate possession necessarily requires the resolution of a title dispute, the Justice of the Peace Court has no jurisdiction to enter a judgment”).

10:
See Laidlaw Waste Sys. (Dallas), Inc. v. City of Wilmer
, 904 S.W.2d 656, 660 (Tex. 1995) (noting that generally pleadings are not evidence); 
Quorum Int’l
, 114 S.W.3d at 572.  Leggett concedes that her attorney “had believed, before preparation of this Brief, that there was an Official Court Reporter’s Record in place as well, which Record contains the various notice and deed documents on which appellee’s title claim is predicated.” 

11:
See Presley v. McGrath
, No. 02-04-00403-CV, 2005 WL 1475495, at *2–3 (Tex. App.—Fort Worth June 23, 2005, pet. dism’d w.o.j.) (mem. op.).

12:
Id.