COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-06-128-CV

 

 

DEBORAH L. LEGGETT AND                                                APPELLANTS

ALL
OCCUPANTS OF 

4122
ORCHID LANE, 

MANSFIELD,
TEXAS

 

                                                   V.

 

SFJV 2004-1, LLC                                                                  APPELLEE

 

                                              ------------

 

         FROM
COUNTY COURT AT LAW NO. 1 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

In this forcible detainer
case, Deborah L. Leggett and all occupants of 4122 Orchid Lane, Mansfield,
Texas (collectively, Leggett) appeal the trial court=s judgment in favor of appellee SFJV 2004‑1, LLC (SFJV).  We affirm.

 








In 2005, SFJV sued Leggett
for forcible detainer in a justice court, and the justice court rendered
judgment for SFJV.  Leggett appealed that
judgment to a county court at law for a trial de novo, and now appeals to this
court the county court at law=s judgment in favor of SFJV. 

Leggett first argues that
SFJV=s petition was not a valid pleading on which judgment could be
rendered because it did not name a natural person or entity as plaintiff Awithin its body,@ and the
trial court failed to order SFJV to substitute its true name. 

Texas Rule of Civil Procedure
79 provides in pertinent part that a Apetition shall state the names of the parties.@[2]  Rule 28 states, AAny partnership, unincorporated association, private corporation, or
individual doing business under an assumed name may sue or be sued in its
partnership, assumed or common name . . . but on a motion by any party or on
the court=s own motion
the true name may be substituted.@[3]








When deciding who has been
made a party to a suit, we consider the petition as a whole.[4]  Naming a party in the petition=s caption or style is sufficient even where the body of the petition
simply uses the term Aplaintiff@ or Adefendant@ without repeating the party=s name.[5]   

Here, the style of the case
in the caption of the original petition names the plaintiff as ASFJV 2004‑1, LLC.@  The body of the petition
refers to APlaintiff,
identified in the style above@ and APlaintiff.@  These references adequately
named the plaintiff.

Leggett also argues that Rule
28 was violated because the trial court failed to order the plaintiff to
substitute its true name.  As the
appellant, Leggett bears the burden of showing error, including the burden of
requesting that an official reporter=s record be prepared.[6]  We may not look outside the record but must
decide the case on the record as filed.[7]  








Leggett has filed a clerk=s record but no reporter=s record.  The clerk=s record reveals that the only name associated with the plaintiff was ASFJV 2004‑1, LLC.@  We have found no evidence in
the record that ASFJV 2004‑1,
LLC@ is an assumed name and, therefore, have no basis to conclude that the
part of Rule 28 pertaining to substitution of an entity=s true name was violated, or even applied.[8]


For these reasons, we
overrule Leggett=s first
point.








In her second point, Leggett
contends that the trial court erred in hearing the case because there was an
unresolved question of title to the property which deprived the county court at
law of jurisdiction.  Leggett claims that
the property was wrongfully foreclosed because of several Afundamental irregularities in the noticing of the substitute trustee=s sale@ and that
she informed the trial court that a federal suit had been filed alleging
wrongful foreclosure. 

Forcible detainer actions may
be prosecuted at the same time as title disputes, and the justice courts and
county courts at law are not deprived of jurisdiction to adjudicate a forcible
detainer action unless the question of title is Aso intertwined with the issue of possession that possession may not be
adjudicated without first determining title.@[9] 








There is no evidence in the
appellate record pertaining to the question of title.[10]  Leggett, therefore, has not established that
the question of title was intertwined with the issue of possession to such an
extent that the trial court lacked jurisdiction to adjudicate the forcible
detainer action.[11]  A contemporaneous federal suit challenging a
foreclosure sale does not in and of itself deprive the county court at law of
jurisdiction to determine the issue of possession.[12]  Accordingly, we overrule Leggett=s second point.

Having overruled both of Leggett's
points, we affirm the trial court=s judgment.

 

PER CURIAM

PANEL A: 
CAYCE, C.J.; LIVINGSTON and DAUPHINOT, JJ.

DELIVERED: 
October 11, 2007                                    











[1]See Tex. R. App. P. 47.4.





[2]Tex. R. Civ. P. 79. 





[3]Tex. R. Civ. P. 28.





[4]Cox
v. Union Oil Co. of Cal., 917 S.W.2d 524, 526 (Tex. App.CBeaumont
1996, no pet.); Hunt v. Employers Reinsurance Corp., 219 S.W.2d 483, 485
(Tex. Civ. App.CFort
Worth 1949, writ ref=d
n.r.e.).





[5]See
Boyattia v. Hinojosa, 18 S.W.3d 729, 733 (Tex. App.CDallas
2000, pet. denied) (citing Hall v. Johnson, 40 S.W. 46, 47 (Tex. Civ.
App. 1897, no writ)).





[6]Tex. R. App. P. 35.3(b)(2); Jackson v.
U.S. Fid. & Guar. Co., 689 S.W.2d 408, 412 (Tex. 1985) (noting that an
appellant has the burden to show that the judgment of the trial court was
erroneously rendered); Vickery v. Comm=n for
Lawyer Discipline, 5 S.W.3d 241, 252 (Tex. App.CHouston
[14th Dist.] 1999, pet. denied) (noting that the burden of demonstrating error
rests upon the appellant).





[7]See
Quorum Int=l v.
Tarrant Appraisal Dist., 114 S.W.3d 568, 572 (Tex. App.CFort
Worth 2003, pet. denied) (holding that court may not look outside of the record
when the record does not contain evidence of parties=
contentions and that court is bound to determine the case on the record as
filed).





[8]The
sole case that Leggett cites in support of her argument is inapposite.  In Lambert v. Dealers Electrical Supply,
Inc., the plaintiff sued on a sworn account, naming the defendant in the
style of the case as AC.T.
Lambert individually and d/b/a/ CTL Construction Company.@  629 S.W.2d 61, 61B62
(Tex. App.CDallas
1981, writ ref=d
n.r.e.).  The affidavit of account and
the sales invoices, however, specified only CTL Construction Company, and the
plaintiff failed to allege and prove that Lambert was conducting business under
that assumed name.  Id. at
62.  The Dallas Court of Appeals held
that judgment against Lambert was erroneous because Athe
mere fact that the plaintiff sued Lambert >individually and d/b/a/ CTL
Construction Company= is
not the equivalent of alleging that Lambert was doing business in that name at
the time he purchased the goods.@  Id. at 62B63.  The court did not suggest that naming a
party in the caption, but only referring to it as Aplaintiff@ in
the body of the petition, is insufficient.





[9]A
Plus Invs., Inc. v. Rushton, No. 02-03-00174-CV, 2004 WL 868866, at
*2B3
(Tex. App.CFort
Worth Apr. 22, 2004, no pet.) (mem. op.); see also Mitchell v. Armstrong
Capital Corp., 911 S.W.2d 169, 171 (Tex. App.CHouston
[1st Dist.] 1995, writ denied) (noting that A[i]f it becomes apparent that
a genuine issue regarding title exists in a forcible detainer suit, the court
does not have jurisdiction over the matter@); Haith v. Drake, 596
S.W.2d 194, 196 (Tex. Civ. App.CHouston [1st Dist.] 1980,
writ ref=d
n.r.e.) (noting that A[w]here
the right to immediate possession necessarily requires the resolution of a
title dispute, the Justice of the Peace Court has no jurisdiction to enter a
judgment@).





[10]See
Laidlaw Waste Sys. (Dallas), Inc. v. City of Wilmer, 904
S.W.2d 656, 660 (Tex. 1995) (noting that generally pleadings are not evidence);
Quorum Int=l, 114
S.W.3d at 572.  Leggett concedes that her
attorney Ahad
believed, before preparation of this Brief, that there was an Official Court
Reporter=s
Record in place as well, which Record contains the various notice and deed
documents on which appellee=s title claim is predicated.@ 





[11]See
Presley v. McGrath, No. 02-04-00403-CV, 2005 WL 1475495, at *2B3
(Tex. App.CFort
Worth June 23, 2005, pet. dism=d w.o.j.) (mem. op.).





[12]Id.