

NUMBER 13-11-00136-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

ANDRES LOZANO, INDIVIDUALLY AND
D/B/A SANDIA DEPOT,                                                    **Appellant,**

**v.**

SUSAN YEARY AND RAY YEARY, INDIVIDUALLY
AND D/B/A SKY FARMS,                                                    **Appellees.**

### On appeal from the County Court at Law No. 5
### of Hidalgo County, Texas.

# MEMORANDUM OPINION

### Before Justices Benavides, Vela and Perkes[1]
### Memorandum Opinion by Justice Benavides

In this breach of contract case, appellant Andres Lozano brings two issues on

---

[1] The Honorable Rose Vela, former Justice of this Court, was a member of the panel at the time this case was argued and submitted for decision, but did not participate in deciding the case because her term of office expired on December 31, 2012.   *See* TEX. R. APP. P. 41.1.

appeal: (1) there was no evidence to support a finding of individual liability against him and (2) the evidence was factually insufficient to support the award of damages. We affirm.

## I. BACKGROUND

In 2003, Lozano, owner of Sandia Depot, entered into a verbal agreement with Ray Yeary, owner of Sky Farms, regarding the growth, harvest, and sale of watermelons. The parties established that Sandia Depot would supply Sky Farms with watermelon seeds and advance money and Sky Farms would then grow the watermelons. The advance money was for use of land, irrigation, crop insurance, fertilizer, and other expenses. After the watermelons had matured, Sandia Depot would harvest, sell, and ship the melons. By agreement, once the melons were sold, Sandia Depot would provide a settlement statement for both parties. Sandia Depot would then deduct its expenses and commissions, Sky Farms would do the same, and the balance of the proceeds then would be split evenly between the parties.

This agreement lasted from 2003 to 2008, until a dispute arose between Lozano and Yeary. In June of 2009, Lozano filed suit against Yeary claiming Yeary owed money in relation to the 2008 watermelon harvest. Lozano filed the lawsuit in his individual capacity; the style of the suit Lozano filed was entitled "Andres Lozano, Individually and d/b/a Sandia Depot v. Susan Yeary and Ray Yeary, Individually and d/b/a Sky Farms."[2] Yeary filed an answer and counterclaim in this same cause of action. Yeary's counterclaim alleged that Lozano failed to render a correct accounting

_____

[2] Susan Yeary was also sued in this lawsuit. However, during trial, the trial court directed a verdict that all claims against her be dismissed.

2

of Yeary's share of the watermelon crop proceeds from 2003 to 2008. Yeary also requested attorney's fees. After a two-day trial, a jury found in favor of Yeary and Sky Farms. The final judgment ordered Lozano to pay Yeary and Sky Farms $ 240,996.57, plus pre-judgment and post-judgment interest. Lozano filed a motion for new trial which was denied. This appeal followed.

## II. STANDARD OF REVIEW AND APPLICABLE LAW

In reviewing a legal sufficiency issue, a court reviews the evidence in a light most favorable to the trial court's judgment and indulges every reasonable inference to support the judgment. *See City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005). A challenge will be sustained if: (1) there is a complete absence of evidence of a vital fact; (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla; or (4) the evidence establishes conclusively the opposite of a vital fact. *Id.* at 810. More than a scintilla of evidence exists if the evidence allows for reasonable minds to reach differing conclusions about a vital fact's existence. *Lee Lewis Constr., Inc. v. Harrison*, 70 S.W.3d 778, 782–83 (Tex. 2001).

In reviewing factual insufficiency issues challenging a jury verdict, if the evidence in support of a finding is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust, then there is no evidence to support such a finding and it must be reversed. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986) (per curiam). The evidence supporting the verdict is to be weighed along with the other evidence in the case, including that which is contrary to the verdict. *See Golden Eagle Archery, Inc. v. Jackson*, 116 S.W.3d 757, 761–62 (Tex. 2003).

3

## III. DISCUSSION

### A.   Lozano's Individual Liability

In his first issue, Lozano claims that that there was no evidence to support a finding of individual liability against him.   Rather, he contends that the judgment should be directed towards his company, Sandia Depot.   Lozano states that "despite [his] reliance on his attorney to properly file suit on behalf of Sandia Depot, Inc., the party to the agreement between Sandia Depot and Sky Farms, Lozano's trial counsel erroneously and negligently filed suit on behalf of Andres Lozano, Individually and d/b/a Sandia Depot."

We point out that it was Lozano who filed the lawsuit in his individual capacity; Yeary and Sky Farms filed their counterclaim in response.   Lozano only objected that he was sued in the wrong capacity after the trial was over.   Under Texas Rule of Civil Procedure 28, "any . . . individual doing business under an assumed name may sue or be sued in its partnership, assumed or common name for the purpose of enforcing for or against it a substantive right. . . ."   TEX. R. CIV. P. 28.   Furthermore, as appellee points out, there are several instances in the trial transcript where Lozano implied that he conducted business as an individual.   The following is an example:

Q:     Did you contract with Mr. Yeary in 2008 to plant watermelons?

A :    Correct, yes

. . . .

Q:     Did you ever pay for any of the harvest of those watermelons?

A:     Who did?

Q:     You.

4

A:     Yes, I did.

Q:     Okay.   So you not only expended money for purchasing watermelon seed, you also expended money for purchasing watermelon planting; is that correct?

A:     Correct.

Q:     And you also expended money for some of the growing of crops?

A:     Correct.

Q:     And you also paid for the harvest?

A:     Correct.

Q:     And you paid for marketing the melons?

A:     Correct.

Q:     And you kept all the money that you got from the proceeds of the sale of those melons?

A:     Correct.

It is evident from this trial testimony that Sky Farms's counsel directed the questions to Lozano individually, and Lozano replied in the first person.   Lozano did not clarify that his company, Sandia Depot, was responsible for the growth, harvest, and sale of watermelons; instead, he answered that he personally did those acts.[3]   Reviewing this evidence in a light most favorable to the trial court's judgment, and indulging every reasonable inference to support the judgment, we hold that there was ample evidence to

---

[3] Furthermore, we note that there is no evidence in the record showing that Sandia Depot was a corporation or other type of entity with limitation of owner liability.   *See, e.g.*, TEX. BUS. ORGS. CODE ANN. § 101.001 (West 2011) (limited liability companies), § 152.002 (West 2011) (general partnerships), § 153.001 (West 2011) (limited partnerships).   The mere usage of an assumed name or the d/b/a certificate would not remove any liability with respect to Mr. Lozano absent a corporate or other such filing with the State of Texas.

support an individual judgment against Lozano. *See City of Keller*, 168 S.W.3d at 822. This verdict is also not so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *See Cain*, 709 S.W.2d at 176.

Lozano cites *Lambert v. Dealers Electrical Supply, Inc.* to support his contention that he should not have an individual judgment against him. 629 S.W.2d 61 (Tex. App.—Dallas 1981, no pet.). We find this reliance misplaced. In *Lambert*, the plaintiff sued the defendant "individually and doing business under an assumed name on a sworn account." *Id.* at 62. Here, however, Lozano, as the plaintiff, filed the lawsuit in his individual capacity. Further, the Lozano's case did not involve a sworn account under Texas Rule of Civil Procedure 185, like Lambert's did. *Id.* Therefore, *Lambert* is distinguishable from the underlying case.

We overrule Lozano's first issue.

## B. Sufficiency of Damages Award

Lozano, in his second issue, contends that the evidence was factually insufficient to support the award of $240,996.57, plus pre- and post-judgment interest, against him. A review of the record shows that the jury evaluated both trial testimony and documentary exhibits regarding contractual damages. Yeary testified that, between 2004 and 2008, the gross total value of watermelons sold was $ 1,042,532.23. Lozano, on the other hand, testified that the total amount of gross sales was $204,392.00 from 2003 to 2008. Yeary and Lozano also gave contradictory testimony regarding the amounts of advance monies Yeary received. The trial court also admitted numerous settlement statements, invoices, and ledgers from the years of sales at issue.

6

"When reviewing a jury verdict to determine the factual sufficiency of the evidence, the court of appeals must consider and weigh all the evidence, and should set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust." *Cain*, 709 S.W.2d 176 (citing *Dyson v. Olin Corp.*, 692 S.W.2d 456, 457 (Tex. 1985)). Here, there was conflicting testimony and documentary evidence regarding the watermelon sales between 2003 and 2008. We defer to the jury as the "sole judge of the credibility of witnesses and the weight to be given their testimony." *Golden Eagle Archery*, 116 S.W.3d at 761 (citing *Jones v. Tarrant Util. Co.*, 638 S.W.2d 862, 866 (Tex. 1982)). The jury was within its province to consider this evidence and determined that Lozano owed Yeary monies for the years in question. We hold that the verdict is not so contrary to the overwhelming weight of the evidence, and thus will not disturb this finding. *See id.* We overrule Lozano's second issue.

## IV. CONCLUSION

Having overruled both of Lozano's issues, we affirm the trial court judgment.

_____
GINA M. BENAVIDES,
Justice

Delivered and filed the
24th day of January, 2013.

7