**B.T. GIDDENS d/b/a Giddens Bakery, Appellant,**

v.

**DONALD PALMER, INC., Appellee.**

**No. 01-84-0214-CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Sept. 10, 1984.

Rehearing Denied Sept. 27, 1984.

David D. Peden, Dennis G. Herlong, Richie & Greenberg, Michael S. Tomasic, Houston, for appellant.

Samuel B. Magids, Houston, for appellee.

Before EVANS, C.J., and WARREN and BULLOCK, JJ.

## OPINION

EVANS, Chief Justice.

This is a writ of error proceeding to review a judgment entered against the defendant, B.T. Giddens, doing business as Giddens Bakery, in a suit on a sworn account. The trial court's judgment awarded the plaintiff $6,737.80 on the account, prejudgment interest of $2,295.25, and attorney's fees of $2,245.00, plus post-judgment interest and costs.

In a single point of error, the defendant, B.T. Giddens, contends that there are neither pleadings nor evidence to support the judgment against him. He argues that the record shows that the plaintiff's account is with Giddens Bakery, Inc., which was nev-

er made a party to the suit, and that he, Giddens, is a stranger to the account.

The preamble of plaintiff's petition names "B.T. Giddens doing business as Giddens Bakery" as the only defendant in the case. Because the invoices attached to the plaintiff's petition are addressed only to "Giddens Bakery," Giddens contends that the proof shows the account is the obligation of Giddens Bakery, and that there is neither allegation nor proof that he, Giddens, is in any way associated with the bakery.

The record further shows that although Giddens appeared and answered in the suit by general denial, the trial court struck his pleadings as a sanction for his refusal to appear for a deposition. Therefore, it appears that the judgment entered against Giddens constitutes a judgment of nihil dicit, denoting Gidden's implied confession of the merits of the plaintiff's claim. *Frymire Engineering Co., Inc. v. Grantham*, 524 S.W.2d 680 (Tex.1975); *O'Quinn v. Tate*, 187 S.W.2d 241, 245 (Tex.Civ.App.—Texarkana 1945, writ ref'd).

Although the plaintiff's allegation that B.T. Giddens was doing business as Giddens Bakery appears only in the preamble of the petition, the affidavit attached to the invoices pursuant to Tex.R.Civ.P. 185 (Vernon Supp.1984) verifies that the account is with B.T. Giddens, d/b/a Giddens Bakery. Therefore, the proof sufficiently shows the capacity in which the defendant, B.T. Giddens is sued, and such allegation was not denied under oath as required by Tex.R. Civ.P. 93, subsection 14 (Vernon Supp. 1984). This distinguishes this case from *Lambert v. Dealers Electric Supply, Inc.*, 629 S.W.2d 61 (Tex.App.—Dallas 1981, writ ref'd n.r.e.), where the allegation of the individual defendant's capacity was set forth only in the preamble of the petition and not in a sworn verification of the account.

We affirm the trial court's judgment.