Bennett ROSENTHAL, Appellant,

v.

NATIONAL TERRAZZO TILE & MARBLE, INC., Appellee.

No. A14–86–835–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Oct. 1, 1987.

Patrick J. Dyer, Eugene B. Wilshire, Jr., Jacalyn D. Scott, Houston, for appellant.

Gary M. Polland, T. Donald Moran, W. Troy McKinney, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and ROBERTSON and CANNON, JJ.

## OPINION

ROBERTSON, Justice.

This appeal is from a summary judgment in a suit on a sworn account and for foreclosure of a lien. Issues on appeal concern the propriety of granting summary judgment, refusal of the trial court to grant appellant's motion to withdraw admissions and refusal to grant a new trial. We affirm.

Appellee furnished and installed marble in appellant's home pursuant to a contract. The sum of $25,000 remained unpaid. Following notice, a mechanic's and materialman's lien was filed, followed by a suit on a sworn account which was filed on June 24, 1985. Appellant answered, pro se, with a general denial.

On August 14, 1985, appellee filed its request for admissions of fact and served them upon appellant. Appellant never answered the request for admissions. After thirty days had passed, those admissions were deemed to be admitted as a matter of law. Tex.R.Civ.P. 169. On January 14, 1986, appellant, through counsel, filed his response to the motion to deem facts admitted and a motion to withdraw the admissions, which the trial court subsequently denied. Appellant filed an amended answer denying the account. Appellant filed a motion for summary judgment which was subsequently granted.

■ In his first point of error appellant contends the court erred in granting summary judgment because appellee did not establish as a matter of law that no fact issue existed.

Appellee's motion for summary judgment had attached thereto a copy of its original petition, a copy of its demand letter to appellant, an affidavit of the president of appellee verifying the account, a description of the property where the improvements were made, a copy of the contract, a copy of the invoice showing the amount owing under the contract, and an affidavit concerning attorneys' fees. Additionally the admissions were before the court, some of which were specifically referenced in the motion for summary judg-

ment. Those admissions, which were not withdrawn by the trial court, established every element of appellee's claim against appellant as a matter of law.

Appellant argues that the "motion seeks and the judgment provides for a judgment against an individual also doing business as a limited partnership" which is "a legal impossibility." We fail to understand appellant's reasoning. The petition plainly alleges a cause of action against only one defendant—"Bennett Rosenthal, individually and doing business as 9201 Partnership, Ltd., hereinafter referred to as 'Defendant.'" The contract was in the name of one individual, "Bennett Rosenthal," as was the invoice of the remaining amount due under the contract, all of which was alleged in the sworn verification of the account. The judgment orders recovery from one defendant, "Bennett Rosenthal, individually and doing business as 9201 Partnership, Ltd." The appeal bond is in the name of Bennett Rosenthal only.

In his sworn amended answer appellant only alleged "there is a defect in parties, and that if Plaintiff has any claim, it is against 9201 Partnership, Ltd., a Texas limited partnership." In his unsworn "Partial Response to Plaintiff's Motion for Summary Judgment" appellant stated "[p]laintiff has submitted no summary judgment evidence whatsoever to establish that Rosenthal has done business as a limited partnership."

The allegations sufficiently show the suit to be against appellant individually. The proof sufficiently shows Bennett Rosenthal to be individually liable for the debt. This clearly distinguishes this case from *Lambert v. Dealers Elec. Supply, Inc.*, 629 S.W.2d 61 (Tex.App.—Dallas 1981, writ ref'd n.r.e.). *See Giddens v. Donald Palmer, Inc.*, 679 S.W.2d 631 (Tex.App.—Houston [1st Dist.] 1984, no writ). Appellant's first point of error is overruled.

In his second point of error appellant contends the court erred in refusing to grant his motion to withdraw the admissions "because appellant established that the presentation of the merits of the case would be subserved and appellee failed to

establish that withdrawal would prejudice it in maintaining its action." The reason assigned in the motion to withdraw the admissions was "that Defendant was pro se during the period that the Request for Admissions were apparently served. Since that time, Defendant has engaged counsel to assist in the preparation and presentation of his case. Given the equivocal nature of the requests, and the relatively recent employment of legal counsel, any deemed admissions should be permitted to be withdrawn in the interests of justice and sound judicial administration."

The trial court has broad discretion in permitting the withdrawal of or amendment to admissions, and its ruling will be set aside only on a showing of clear abuse thereof. *Crime Control, Inc. v. RMH-Oxford Joint Venture*, 712 S.W.2d 550 (Tex.App.—Houston [14th Dist.] 1986, no writ). There is no evidence before us, and on the basis of the reasons assigned, it would be impossible to find that the trial court abused its discretion in refusing to permit withdrawal of the admissions. Appellant's second point of error is overruled.

In his third point of error appellant contends the "court erred in refusing to grant appellant's motion for new trial because appellant established good cause as to why the motion should be granted in that the judgment was not supported by sufficient evidence and the judgment judicially forclosed [sic] a lien against appellant's residence which was in violation of the constitution and statutes of the State of Texas." The motion was not sworn to, nor did it have any exhibits attached. No evidence was heard thereon and it was overruled by operation of law. The point of error presents nothing for review; it is overruled.

The record clearly shows that at the time this appeal was perfected the appellant could have had no reasonable ground to believe that the trial court's judgment would be reversed. *See Sanders v. Robertson-American Corp.*, 698 S.W.2d 480, 485 (Tex.App.—Fort Worth 1985, no writ). Appellee "suggests" that in accordance with TEX.R.APP.P. 84 this court should award damages. We agree that this appeal has been taken for delay and without sufficient cause and, accordingly, award $2,500 to appellee as damages therefor.

The judgment, as so modified, is affirmed.