

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-14-00550-CV

**IN RE FREEDOM BIBLE RESEARCH INSTITUTE**
a/k/a Body of Christ Camp and Timothy Raub

Original Mandamus Proceeding[1]

Opinion by:    Patricia O. Alvarez, Justice

Sitting:        Catherine Stone, Chief Justice
                Marialyn Barnard, Justice
                Patricia O. Alvarez, Justice

Delivered and Filed:  November 12, 2014

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED IN PART, DENIED IN PART

Relators, Freedom Bible Research Institute a/k/a Body of Christ Camp and Timothy Raub,

filed this petition for writ of mandamus challenging the trial court's order granting the plaintiffs'

motion to lift abatement, substitute correct legal name, and for sanctions in the underlying personal

injury litigation. Because we conclude that Raub has an adequate remedy by appeal from a final

judgment with respect to the monetary sanctions awarded against him, we deny mandamus relief

as to that portion of the trial court's order. We conditionally grant mandamus relief with respect to

the portions of the trial court's order pertaining to Freedom Bible Research Institute a/k/a Body of

Christ Camp for the reasons explained below.

---

[1] This proceeding arises out of Cause No. 2009CI00467, styled *Frances McClintock, Individually and as Next Friend of S.M., A Minor Child v. Love Demonstrated Ministries International, Inc., et al.*, pending in the 285th Judicial District Court, Bexar County, Texas, the Honorable Antonia Arteaga presiding.

**Background**

In January 2009, Frances McClintock filed suit, individually and as next friend of her daughter who was then a minor, against multiple defendants. The McClintocks alleged that Frances' daughter had been injured while participating in a "Christian boot camp" program offered by Charles Flowers and his wife, ministers operating under an entity known as Love Demonstrated Ministries, International. The month-long boot camp program was comprised of activities held at two locations – one near New Braunfels, Texas and one near Corpus Christi, Texas. The camp near Corpus Christi, known as the Body of Christ Camp (the Camp), is located on a 113-acre piece of property in Nueces County owned by Freedom Bible Research Institute (FBRI). FBRI is an unincorporated non-profit association run by Fred and Betty McCulloch. The Camp is made available to other churches and non-profits for conducting camps, services and other group gatherings.

The McClintocks alleged causes of action for assault and battery, negligence, fraud, negligent misrepresentation, clergy malpractice, intentional infliction of emotional distress, and violations of the Texas Deceptive Trade Practices Act. Among the many defendants named in the McClintocks' petition were, "Fred McCulloch and Betty McCulloch, individually and d/b/a Freedom Bible Research Institute, A Free Church a/k/a Body of Christ Camp." Plaintiffs had four separate citations issued to: (1) Fred McCulloch; (2) Betty McCulloch; (3) Fred McCulloch d/b/a Freedom Bible Research Institute, A Free Church a/k/a Body of Christ Camp; and (4) Betty McCulloch d/b/a Freedom Bible Research Institute, A Free Church a/k/a Body of Christ Camp. An original answer and general denial were filed by attorney Timothy Raub on behalf of "Fred McCulloch and Betty McCulloch, individually and d/b/a Freedom Bible Research Institute, A Free Church a/k/a Body of Christ Camp." No citation was issued to FBRI or the Camp as an entity separate from the McCullochs, and neither entered an appearance in the lawsuit.

In June 2010, the plaintiffs sent requests for disclosure directed to "Fred McCulloch and Betty McCulloch d/b/a Freedom Bible Research Institute, A Free Church a/k/a Body of Christ Camp" through Raub. The McCullochs did not provide responses to plaintiffs' requests for disclosure and plaintiffs did not file a motion to compel any responses. In October 2011 and March 2012, in two separate agreed orders, the plaintiffs caused all of their causes of action against each of the defendants except for the McCullochs to be dismissed with prejudice in accordance with settlement negotiations. This left "Fred McCulloch and Betty McCulloch, individually and d/b/a Freedom Bible Research Institute, A Free Church a/k/a Body of Christ Camp" as the only remaining defendants in the lawsuit.

In February 2012, the McCullochs filed a suggestion of bankruptcy in district court, advising that they had filed for personal bankruptcy protection in the United States Bankruptcy Court for the Southern District of Texas, Corpus Christi division. The McCullochs filed the required property inventories in the bankruptcy proceeding on February 23, 1012, which disclosed an assumed name they had used to allow them to conduct business for FBRI, an unincorporated non-profit association, for banking purposes. Throughout the bankruptcy, the McCullochs represented that the Camp was owned by FBRI, a separate legal entity not a party to the bankruptcy proceeding. The McClintocks and their counsel were identified in the bankruptcy as creditors holding unsecured claims. The McClintocks' counsel participated in the creditors' meeting in April 2012 and filed a proof of claim against the debtors.

In May 2012, the McClintocks filed a motion in the bankruptcy proceeding seeking to lift the automatic stay. *See* 11 U.S.C.A. § 362(d). The McClintocks sought to lift the stay to allow the state court litigation to proceed to judgment, liquidating their claims against the McCullochs, which could then be submitted as an allowed claim in the bankruptcy proceeding. The bankruptcy court modified the automatic stay to permit the state court litigation to proceed to judgment by

order dated June 11, 2012. The order precluded the McClintocks from attempting to enforce any judgment against the debtors absent further order.

In December 2012, the McCullochs received a discharge in bankruptcy, eliminating any creditors' claims against the debtors and placing an injunction against any further collection efforts. *See* U.S.C.A. §§ 524(a), 727. The McClintocks did not object to the discharge.

Following the bankruptcy court's discharge order, the McClintocks filed a motion in the state court case requesting a trial date. A notice of jury trial setting was issued in April 2013, setting the state court matter for trial in October 2013. The McCullochs' counsel wrote to plaintiffs' counsel demanding that the claims against Fred and Betty, individually and d/b/a FBRI a/k/a the Camp be dismissed in accordance with the discharge order. When plaintiffs did not comply, the McCullochs sought to re-open the bankruptcy case for the purpose of enforcing the discharge injunction. The McCullochs requested a show cause order to have the McClintocks and their counsel show cause in the bankruptcy proceeding why they should not be held in contempt for violating the discharge injunction. The state district court, meanwhile, issued an abatement order on August 12, 2013, abating the state court litigation "pending final determination of the Show Cause Order [in the bankruptcy case], including exhaustion of any appeals, or agreement of all parties."

After a hearing, the bankruptcy court found McClintock had violated the discharge injunction, declared her in contempt and ordered monetary sanctions against her on October 10, 2013. The bankruptcy court ordered McClintock to "immediately dismiss Frederick A. McCulloch and Betty A. McCulloch and Frederick A. McCulloch and Betty A. McCulloch d/b/a Freedom Bible Research Institute a/k/a Body of Christ Camp from the State Court Lawsuit." In response to motions for reconsideration and to amend the sanctions order, the bankruptcy court denied

reconsideration and further clarified its prior order in a second order issued October 30, 2013, stating:

> [T]he Debtors' discharge extends to the McClintocks' claims against the Debtors doing business under any other name or alias. The discharge does not extend to any other entity including, without limitation, partnerships, corporations, or unincorporated non-profit organizations. . . . The McClintocks participated in the bankruptcy, did not object to Debtors' discharge, and knew that Debtors in fact received a discharge, and they may therefore only proceed in State Court against entities other than the Debtors.[2]

The parties filed cross-appeals from the bankruptcy court's orders in the U.S. District Court for the Southern District of Texas. On March 28, 2014, the U.S. District Court issued an opinion and order affirming the bankruptcy court's orders. Approximately three months later, the McClintocks filed their third amended motion to lift abatement, to substitute correct legal name and for sanctions in the state court litigation. The plaintiffs sought to lift the state court's August 2013 abatement order; to substitute "Freedom Bible Research Institute a/k/a Body of Christ Camp, an unincorporated association falsely registered pursuant to Ch. 71, Tex. Bus. & Comm. Code, as 'Fred McCulloch and Betty McCulloch d/b/a Freedom Bible Research Institute'" as a defendant; and to impose "death penalty sanctions" against both FBRI and Raub. Plaintiffs sought sanctions pursuant to Rule 215, Chapter 71 of the Business and Commerce Code, or the court's inherent authority to impose sanctions for failure to provide discovery responses and for submitting a false assumed name certificate. *See* TEX. BUS. & COM. CODE ANN. § 71.201(b) (West 2009). The trial court conducted a hearing and signed an order granting plaintiffs' motions on July 3, 2014. Relators filed this original mandamus proceeding on August 4, 2014, challenging the trial court's order on multiple grounds.

---

[2] Prior to the bankruptcy court's October 30 order, the plaintiffs apparently took steps to dismiss Fred and Betty, individually from the state court lawsuit. Plaintiffs attempted to proceed, however, against Fred and Betty d/b/a FBRI a/k/a the Camp despite the bankruptcy court's order requiring dismissal.

**Analysis**

Mandamus will issue only to correct a clear abuse of discretion for which the relator has no adequate remedy at law. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). Mandamus is proper if a trial court issues an order beyond its jurisdiction. Such orders are void, constitute an abuse of discretion and are correctable by mandamus even without a showing that the relator lacks an adequate appellate remedy. *In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding).

*Monetary sanctions against Raub*

Only one provision of the challenged order applies directly to relator Raub, who, by the time the order was entered, was no longer representing any party in the state court lawsuit. The trial court ordered, "that Freedom Bible Research Institute, Body of Christ Camp, and their counsel, Tim Raub, shall pay within 30 days of the entry of this order the sum of $67,813.00." The amount of this sanction was later reduced in a ruling dated August 1, 2014. In response to motions to reconsider, the trial court reduced the sanction against FBRI and the Camp to $47,000.00 and the sanction against Raub to $5,000.00. The plaintiffs subsequently filed a stipulation in the trial court that they would not seek to collect any of the sanctions awarded until a final judgment had been entered.

Generally, mandamus review is not available when a trial court imposes a monetary sanction payable after the rendition of a final judgment that does not threaten a party's ability to continue with the litigation, because the party has an adequate remedy by appeal. *See, e.g., Braden v. Downey*, 811 S.W.2d 922, 929 (Tex. 1991). The plaintiffs' stipulation regarding the sanctions awarded against Raub defers any obligation to pay until a final judgment is rendered. Under the circumstances, we conclude that Raub is not entitled to mandamus relief with respect to the portion

of the trial court's orders imposing sanctions against him because he has an adequate remedy by appeal. *See Walker*, 827 S.W.2d at 840; *see also* TEX. R. CIV. P. 215.3.[3]

### *Substitution of party*

The challenged order allows "Freedom Bible Research Institute" and "Body of Christ Camp" to be substituted, pursuant to Rule 28 of the Texas Rules of Civil Procedure, for the parties named in the lawsuit as "Fred McCulloch and Betty McCulloch d/b/a Freedom Bible Research Institute, A Free Church a/k/a Body of Christ Camp." All parties and the trial court acknowledge that FBRI and the Camp are distinct entities separate and apart from Fred and Betty McCulloch. "Rule 28 has been interpreted as treating unincorporated associations as legal entities, at least to the extent of obtaining and enforcing judgments against them." *Cox v. Thee Evergreen Church*, 836 S.W.2d 167, 171 (Tex. 1992); *see also* TEX. BUS. ORGS. CODE ANN. § 252.006(a) (West 2012) ("A nonprofit association is a legal entity separate from its members for the purposes of determining and enforcing rights, duties, and liabilities in contract and tort.").

Rule 28 states:

Any partnership, unincorporated association, private corporation, or individual doing business under an assumed name may sue or be sued in its partnership, assumed or common name for the purpose of enforcing for or against it a substantive right, but on a motion by any party or on the court's own motion the true name may be substituted.

TEX. R. CIV. P. 28.

The McClintocks contend that the substitution of FBRI and the Camp for the McCullochs d/b/a FBRI is appropriate because the assumed name certificates filed by the McCullochs state that Fred and Betty are the "owners" of the businesses identified on the certificates – FBRI and the Camp. We disagree.

---

[3] This opinion does not address the validity of any sanctions awarded against Raub. We hold only that such orders are subject to review on appeal from a final judgment. TEX. R. CIV. P. 215.3.

Rule 28 is a procedural rule that simply provides that if an individual or entity conducts business under an assumed name, it may be sued in that name. *See* TEX. R. CIV. P. 28; *Chilkewitz v. Hyson*, 22 S.W.3d 825, 830 (Tex. 1999). Under this rule a suit against FBRI would be effective to commence a suit against Fred and Betty because Fred and Betty filed an assumed name certificate and were doing business as "Freedom Bible Research Institute." The McClintocks' position poses the opposite – that the suit against Fred and Betty was effective to commence a proceeding against FBRI and the Camp. Such a conclusion would require some evidence that FBRI and the Camp were doing business as Fred and Betty McCulloch. *Sixth RMA Partners, L.P. v. Sibley*, 111 S.W.3d 46, 52 (Tex. 2003) (noting applicable standard of review for substitution under Rule 28). While it is possible that an entity or association might do business under the name of an individual, there is no evidence in the record that FBRI or the Camp did so. *See Chilkewitz*, 22 S.W.3d at 829 (finding some evidence from which the trial court could have concluded that a professional association was doing business under the name of its only physician member); *see also Sibley*, 111 S.W.3d at 49 (finding some evidence to support the trial court's finding that the named party was an assumed name for the substituted party). Because the record does not support the trial court's order allowing the substitution of FBRI and the Camp for the named defendants, that portion of the trial court's order constitutes an abuse of discretion and must be vacated.

### *Orders against FBRI and the Camp*

The remainder of the challenged order purports to impose various sanctions, both procedural and monetary, upon FBRI and the Camp as discovery sanctions, pursuant to the court's inherent authority to sanction, and pursuant to section 71.021 of the Business and Commerce Code. Because FBRI and the Camp were never parties properly before the trial court, such orders are beyond the trial court's jurisdiction.

The bankruptcy proceeding was filed by Frederick and Betty McCulloch, individually and d/b/a FBRI a/k/a the Camp. The inclusion of the assumed name was required as full disclosure of any other name that Fred and Betty may have used prior to filing for bankruptcy.

At the creditors' meeting in April 2012, the McClintocks' counsel engaged in the following exchange with Betty McCulloch:

> Q. Now, you have – you have filed your petition as Frederick A. McCulloch and Betty A. McCulloch d/b/a Freedom Bible Research Institute, A Free Church a/k/a Body of Christ. Is it your intention in filing to include the financial obligations of Freedom Bible Research Institute, A Free Church a/k/a Body of Christ in your bankruptcy proceeding?
> A. No. No.
> Q. Okay. So you're not – you're not asserting any claim – you're not attempting to discharge any of the financial obligations of Freedom Bible Research Institute or Body of Christ Camp?
> A. (by counsel) That's correct. There was just a d/b/a out there and we felt it would be inappropriate to not include that as a d/b/a, but they have took the d/b/a out solely for banking purposes.
> Q. Okay. Well, obviously, that's a particular concern to my client.
> Counsel: Sure.
> Q. Frances McClintock Individually and on behalf of her then minor child S.M. and we have sued Freedom Bible Research Institute, A Free Church a/k/a Body of Christ Camp. So you're stating here on behalf of your clients and the McCullochs (sic) individually I would like for you to confirm this that you do not claim any interest personally in the 113 acres.
> Counsel: That's correct.
> Q. Or any of the improvements on the 113 acres?
> Counsel: That's correct.
> . . . .
> Q. Are you trying to discharge any of the obligations of Freedom Bible Research Institute, A Free Church?
> Counsel: Only their obligations individually.

In their motion to lift the automatic bankruptcy stay, the McClintocks acknowledged that the principal asset against which they intended to enforce any judgment obtained in the state court litigation was the real property not claimed as an asset of the debtors. Plaintiffs thus clarified and were fully aware that the discharge sought by the McCullochs, and eventually granted by the

bankruptcy court, was for themselves, individually and d/b/a FBRI – the exact parties named as defendants in the McClintocks' state court suit.

"The discharge injunction granted by section 524(a) is a substantive right conferred by the Bankruptcy Code, often enforced by a motion for contempt." *In re Nat'l Gypsum Co.*, 118 F.3d 1056, 1063 (5th Cir. 1997). It is undisputed that Fred and Betty McCulloch, individually and d/b/a FBRI a/k/a the Camp – the named defendants in the state court litigation – received a discharge in bankruptcy in December 2012. The discharge applies to all pre-petition debts or claims of liability against the debtors. *See* 11 U.S.C.A. § 727(b). Any attempt to continue the state court litigation against the parties receiving a discharge after December 2012 was in violation of the discharge injunction, as the bankruptcy court and the U.S. District Court have held in multiple post-discharge orders.

Although plaintiffs eventually dropped Fred and Betty individually from the state court suit, they have continuously maintained that their original suit and service of process on Fred and Betty d/b/a FBRI a/k/a the Camp was effective to bring a claim against FBRI and the Camp. A suit against a person, individually and d/b/a an entity is a suit against only one defendant – the individual. *Rosenthal v. Nat'l Terrazzo Tile & Marble, Inc.*, 742 S.W.2d 55, 56 (Tex. App.—Houston [14th Dist.] 1987, no writ). Neither FBRI nor the Camp was served with citation in the state court lawsuit, nor did either enter an appearance. FBRI and the Camp are not properly before the trial court as parties, either by virtue of the plaintiffs' pleadings or by virtue of the attempted substitution under Rule 28. Accordingly, the trial court lacked jurisdiction to enter any orders against FBRI and the Camp. To the extent the challenged order purports to impose liability on FBRI or the Camp, it is void. *See Mapco, Inc., v. Carter*, 817 S.W.2d 686, 687 (Tex. 1991) (judgment entered without jurisdiction over a party is void); *In re Green Oaks Hosp. Subsidiary, L.P.*, 297 S.W.3d 452, 456 (Tex. App.—Dallas 2009, orig. proceeding). Where the trial court has

entered a void order in the absence of jurisdiction, mandamus relief is appropriate. *See Sw. Bell Tel. Co.*, 35 S.W.3d at 605. The portions of the trial court's order making findings or imposing procedural or monetary sanctions against FBRI or the Camp must be vacated.

**Conclusion**

Because we conclude that Raub has an adequate remedy by appeal from a final judgment with respect to the monetary sanctions awarded against him, we deny mandamus relief as to that portion of the trial court's order. We conditionally grant mandamus relief with respect to the portions of the trial court's orders pertaining to Freedom Bible Research Institute a/k/a Body of Christ Camp because the plaintiff's suit against the named defendants was not effective to bring suit against FBRI or the Camp, and because the record does not support the substitution of FBRI and the Camp for the named defendants under Rule 28. Because FBRI and the Camp were not properly before the court as parties, the trial court lacked jurisdiction to enter any orders with respect to them and such orders are void. Because the issues addressed in this opinion dispose of the operative portions of the challenged orders with respect to relators, we do not reach the remainder of the arguments raised in relators' petition.

We conditionally grant mandamus relief in part and order the trial court to vacate the portions of its orders dated July 3 and August 1, 2014, finding that FBRI or the Camp are before the court and allowing substitution pursuant to Rule 28, as well as any findings with respect to FBRI or the Camp, and any procedural or monetary sanctions imposed upon FBRI or the Camp. The writ will only issue if the trial court judge fails to do so.

Patricia O. Alvarez, Justice