**Opinion issued March 26, 2024**



In The

# Court of Appeals

### For The

## First District of Texas

———————————

### NO. 01-20-00322-CV

———————————

## FRANK C. POWELL, Appellant

## V.

## KEVIN ALAN FLETCHER AND STEPHEN FLETCHER, Appellees

---

### On Appeal from the 257th District Court
### Harris County, Texas
### Trial Court Case No. 2018-67151

---

## O P I N I O N

This is an appeal of an order sanctioning an attorney for a recusal motion filed in bad faith. Appellant Frank Powell sought to recuse the trial court judge.[1]

---

[1] Powell was disbarred, and his disbarment is pending on appeal in this Court. *See* 01-23-00224-CV, *Frank C. Powell v. Comm'n for Lawyer Discipline.*

Following a hearing, the recusal motion was denied. Finding that the recusal motion was brought in bad faith, the court sanctioned Powell $19,000. Powell appealed. We affirm.

## Background

This case arises out of a suit involving the parent-child relationship ("SAPCR") between Catherine Murrah Molloy and appellees, Kevin Alan Fletcher and Stephen Alan Fletcher, father and paternal grandfather, respectively, of the children. Appellant Frank Powell began representing Molloy after the parties reached a mediated settlement agreement ("MSA").

### A. Powell's Representation of Molloy

Once he began representing Molloy, Powell threatened opposing counsel for refusing to renegotiate the MSA and told them that he would create as much "hell" for them as possible. He filed more than sixty documents including an "Application for Court Order." This application claimed that appellee Stephen Fletcher "submitted false pleadings in a fraudulent attempt" to meet standing requirements in the SAPCR. The court held a hearing on Powell's "Application" and several other motions in August 2019. At the hearing, the trial court granted a motion to enter the MSA and denied all other motions, including Powell's "Application for Court Order." After the hearing, inconsistent with her oral rulings and other written rulings, the trial court signed the proposed order. Within two weeks, the court entered a

2

written ruling that the court order was erroneously signed and "VOIDED." The trial court made a written notation that the original order was signed in error. The district clerk's office then followed standard procedures for voided orders.

When the underlying case was appealed, Powell requested that the original, voided order be included in the clerk's record, and he requested to supplement the record with the order. In response, the appellees stated that they had noticed the clerical error and brought it to the clerk's attention, who then spoke with the trial judge. The order was removed from the file and the clerk's website. Based on these interactions, Powell moved to recuse the trial judge.

In his recusal motion, Powell alleged that by communicating with the clerk regarding the status of the voided order, the trial judge participated in ex parte communications, became "a witness to how this signed court order became unavailable," and committed the criminal offense of tampering with a government record.[2] The motion was brought under Texas Rule of Civil Procedure 18b(1) ("impartiality might reasonably be questioned"); 18b(3) ("personal knowledge of disputed evidentiary facts concerning the proceeding"); and 18b(4) ("judge . . . has been a material witness concerning the proceeding"). *See* TEX. R. CIV. P. 18b ("Grounds for Recusal and Disqualification of Judges").

---

[2]     Powell cited TEX. PENAL CODE § 37.10(a)(3).

The Honorable Susan Brown, Presiding Judge of the Eleventh Administrative Judicial Region of Texas, held a recusal hearing. *See* TEX. R. CIV. P. 18a(g)(1). Judge Brown denied the recusal motion and found that it had been brought in bad faith. The court, addressing Powell, stated:

> [Mr. Powell] brought this motion in bad faith. Based on the fact that—of your communication with the District Clerk's Office. You knew full well and good that that order had been voided back in September. And you made the choice to make—to file this recusal, make allegations against [the trial judge], against the District Clerk's Office, when all you had to do, sir, was to file a motion and the judge would have given you that information. So I don't need to hear anything else to show that you filed this in bad faith. So I can end this now, Counsel, because I believe, as I have never in a recusal hearing believed, that someone brought it in bad faith.

Judge Brown sanctioned Powell and Molloy $19,000. *See* TEX. R. CIV. P. 18a(h).

Powell and Molloy filed a supersedeas bond in the trial court. Powell and Molloy each appealed.

## B.  Proceedings after appeal

At one time, Powell represented Molloy in four proceedings pending in this court, including two appeals and two original proceedings. *See In re Molloy*, No. 01-19-00894-CV, 2021 WL 1618469, at *1 n.3 (Tex. App.—Houston [1st Dist.] Apr. 27, 2021, orig. proceeding) (mem. op.) (listing appellate case numbers). In June 2020, following unsolicited communications from Molloy, the appellees and their counsel filed a motion to show authority, alleging that Molloy had informed Kevin Fletcher that she no longer wished to prosecute her appeals but that her attorney

4

refused to follow her instructions. *Id.* at \*1. This Court abated the appeals and remanded to the trial court to hold a hearing. *Id.*

The trial court held a five-day evidentiary hearing in August 2020. The trial court concluded that Powell and his firm did not have authority to represent Molloy and that Molloy had unequivocally desired to dismiss her four pending causes. *In re Molloy*, 2021 WL 1618469, at \*1. The court concluded that there was no legal basis for the issues raised in the appeals, that they were groundless and frivolous on their merits, and that there was no factual basis for raising the issues in each proceeding. *Id.* The court found that Powell attempted to relitigate issues repeatedly to needlessly increase the cost of litigation, and that he pursued this litigation in bad faith to harass the Fletchers, opposing counsel, and the trial court. *Id.* The court also found that Powell committed several violations of the Disciplinary Rules. *Id.* The court recommended sanctioning Powell and his firm $491,582.72. *Id.*

Tragically, Molloy died after the hearing. The Fletchers moved to dismiss Molloy's appeal after her death and moved this Court for the imposition of appellate sanctions against Powell for his conduct, including the filing of this appeal in bad faith. The Fletchers filed the motion in each of the appeals in which Molloy was represented by Powell, and requested, for efficiency, that we rule on the motion in this appeal. *See Scott Bader, Inc. v. Sandstone Prods., Inc.*, 248 S.W.3d 802, 806 n.1 (Tex. App.—Houston [1st Dist.] 2008, no pet.) (court may take judicial notice of

5

record in other appeal involving same parties and related issue). This Court dismissed Molloy's appeals. Only Powell's appeal of the $19,000 sanctions order for filing a bad faith motion to recuse the trial judge and the Fletchers's motion for the imposition of sanctions remain.

**Sanctions Order**

In a single issue, Powell contends that the trial court abused its discretion by issuing sanctions against him. We disagree.

**A.     Standard of Review**

"Various rules and statutes imbue courts with authority to sanction attorneys for professional lapses of one kind or another with or without bad faith." *Brewer v. Lennox Hearth Products, LLC*, 601 S.W.3d 704, 717–18 (Tex. 2020) (citing, among other rules, TEX. R. CIV. P. 18a(h)). "Courts also possess inherent powers that aid the exercise of their jurisdiction, facilitate the administration of justice, and preserve the independence and integrity of the judicial system." *Id.* at 718 We review a trial court's sanctions order for abuse of discretion. *Id.* at 717. "The test for an abuse of discretion is not whether, in the opinion of the reviewing court, the facts present an appropriate case for the trial court's action, but 'whether the court acted without reference to any guiding rules and principles.'" *Cire v. Cummings*, 134 S.W.3d 835, 838–39 (Tex. 2004) (quoting *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d

238, 241 (Tex. 1985)). The trial court's ruling should be reversed only if it was arbitrary or unreasonable. *Cire*, 134 S.W.3d at 839.

Texas Rule of Civil Procedure 18a(h) permits the judge who hears a motion for recusal to order the party or attorney who filed the motion, or both, to pay "reasonable attorney fees and expenses incurred . . . if the judge determines that the motion was (1) groundless and filed in bad faith or for the purpose of harassment, or (2) clearly brought for unnecessary delay and without sufficient cause." TEX. R. CIV. P. 18a(h).

## B.    Analysis

### 1.    Form of Sanctions Order

On appeal, Powell argues that the sanctions order should be reversed because the order "does not follow the statutory language of the relevant statute." Appellant's Br. 9.  The order states:

> The Court finds that the Motion to Recuse the Trial Judge filed by Catherine Molloy and her counsel, Frank C. Powell, was groundless and ~~filed~~ in bad faith ~~or for the purpose of harassment~~ for the reasons detailed in the accompanying findings ~~of fact and conclusions of law~~.

Powell argues that the word "filed" should have been included in the order rather than crossed out.

Powell did not preserve this issue for our review because it was not presented to the trial court. TEX. R. APP. P. 33.1(a). Texas Rule of Appellate Procedure 33.1(a)

7

provides that, as a prerequisite for presenting a complaint on appeal, the record must demonstrate that the complaining party made his complaint to the trial court by a timely request, objection, or motion that stated the grounds for the ruling sought with sufficient specificity to make the trial court aware of the complaint. TEX. R. APP. P. 33.1(a)(1)(A). "[W]hen an attorney fails to complain of the sanction imposed and fails to ask the trial court to reconsider its actions in imposing the sanction, the attorney waives any complaint about the trial court's actions." *Wilner v. Quijuano*, No. 01-11-00322-CV, 2012 WL 531147, at *3 (Tex. App.—Houston [1st Dist.] Oct. 25, 2012, no pet.) (mem. op.). (holding attorney did not preserve error with trial court's sua sponte decision to impose sanction upon him because trial court had no opportunity to correct alleged error). Powell never objected to the form of the sanctions order and the record does not reflect that he made Judge Brown "aware of his complaint" about its form. TEX. R. APP. P. 33.1(a). This issue is not preserved for our review.

Even if the issue had been preserved for our review, any alleged error with the form of the order is not reversible error. "No judgment may be reversed on appeal on the ground that the trial court made an error of law unless the court of appeals concludes that the error complained of: (1) probably caused the rendition of an improper judgment; or (2) probably prevented the appellant from properly presenting the case to the court of appeals." TEX. R. APP. P. 44.1 ("Reversible Error

8

in Civil Cases"). Powell has not shown that an error, if any, in the wording of the sanctions order harmed him. The trial court stated on the record that Powell was sanctioned because he "brought this motion in bad faith" and Powell's brief states that he was sanctioned "for filing a motion to recuse [the trial court judge]."

Powell argues that the court erred because the order needed the word "filed," and the court crossed it out. The crossed out "filed" is the second instance of that word in the same sentence. Therefore, the word "filed" still appears. Reading the remaining language of the order, the court ruled that "the Motion to Recuse the Trial Judge *filed* by Catherine Molloy and her counsel, Frank C. Powell, was groundless and in bad faith." (emphasis added). Even if he had preserved the issue for appeal, Powell has not shown that he was harmed by any alleged deficiency in the wording of the sanctions order.

### 2. Sufficiency of the Evidence Supporting Sanctions

To the extent Powell challenges the sufficiency of the evidence to support sanctions against him, the trial court did not abuse its discretion in awarding sanctions because the record demonstrates that Powell filed his recusal motion in bad faith. TEX. R. CIV. P. 18a(h)(1). A party acts in bad faith when it makes factual allegations that a reasonable inquiry would have disproven. *See McLaurin v. McLaurin*, No. 01-14-00710-CV, 2016 WL 3023020, at *15 (Tex. App.—Houston [1st Dist.] May 26, 2016, pet. denied) (mem. op.) (analyzing sufficiency to support

9

sanctions for filing pleading in bad faith under Texas Rule of Civil Procedure 13). Powell's allegations against the trial court, including that the trial court engaged in ex parte communications and engaged in criminal conduct, could have been disproven with reasonable inquiry, such as a call to the district court clerk's office, a call to opposing counsel, or filing a motion in the trial court. Moreover, despite being confronted at the recusal hearing with evidence confirming his extreme accusations were incorrect, Powell continued to argue before the recusal judge that the trial court and clerk's office had engaged in criminal behavior. To the extent Powell argues that the evidence is insufficient to support an award of sanctions, the trial court did not abuse its discretion in sanctioning Powell for filing a motion to recuse in bad faith. TEX. R. CIV. P. 18a(h).

### Rule 45 Damages

The Fletchers request this Court impose sanctions against Powell for bringing a frivolous appeal. *See* TEX. R. APP. P. 45. Powell did not file a response to the request.

Texas Rule of Appellate Procedure 45 provides:

> If the court of appeals determines that an appeal is frivolous, it may–on motion of any party or on its own initiative, after notice and a reasonable opportunity for response–award each prevailing party just damages. In determining whether to award damages, the court must not consider any matter that does not appear in the record, briefs, or other papers filed in the court of appeals.

10

TEX. R. APP. P. 45. We must exercise our discretion to impose Rule 45 damages with prudence, caution, and only after careful consideration. *Deaner v. Marchese*, No. 02-03-0029-CV, 2004 WL 177480, at \*1 (Tex. App.—Fort Worth Jan. 29, 2004, no pet.) (mem. op.) (citing *Casteel-Diebolt v. Diebolt*, 912 S.W.2d 302, 306 (Tex. App.—Houston [14th Dist.] 1995, no writ)); *Dyson Descendant Corp. v. Sonat Expl. Co.*, 861 S.W.2d 942, 952 (Tex. App.—Houston [1st Dist.] 1993, no writ). "We impose sanctions only under circumstances we find truly egregious." *Byrd v. Hutton*, No. 05-19-01191-CV, 2020 WL 4013150, at \*6 (Tex. App.—Dallas July 16, 2020, pet. denied) (mem. op.) (citing *D Design Holdings, L.P. v. MMP Corp.*, 339 S.W.3d 195, 205 (Tex. App.—Dallas 2011, no pet.). We review the record from the appellant's point of view at the time the appeal was taken and decide whether he had any reasonable grounds to believe the case would be reversed. *Smith v. Brown*, 51 S.W.3d 376, 381 (Tex. App.—Houston [1st Dist.] 2001, pet. denied). "We will not permit spurious appeals, which unnecessarily burden parties and our already crowded docket, to go unpunished." *Bradt v. West*, 892 S.W.2d 56, 79 (Tex. App.—Houston [1st Dist.] 1994, writ. denied).

Although Rule 45 does not provide a method for determining an amount of "just damages," courts exercising their discretion in awarding damages have generally relied on proof by testimony or affidavit. *See, e.g.*, *Smith v. Marshall B. Brown, P.C.*, 51 S.W.3d 376, 381–82 (Tex. App.—Houston [1st Dist.] 2001, pet.

denied) (awarding sanctions proven by affidavit). On the other hand, some courts have awarded damages in situations in which no evidence of damages as the basis for the award was provided to the courts. *See Lee v. Aurora Loan Servs., L.L.C.*, No. 06-08-00077-CV, 2009 WL 167067, at *3 (Tex. App.—Texarkana Jan. 27, 2009, no pet.) (mem. op.) (awarding $7,500); *Njuku v. Middleton*, 20 S.W.3d 176, 178 (Tex. App.—Dallas 2000, pet. denied) (awarding $5,000.00 per frivolous appeal); *Salley v. Houston Lighting & Power Co.*, 801 S.W.2d 230, 232 (Tex. App.—Houston [1st Dist.] 1990, writ denied) (awarding $6,000); *Rosenthal v. Nat'l Terrazzo Tile & Marble, Inc.*, 742 S.W.2d 55, 57 (Tex. App.—Houston [14th Dist.] 1987, no writ) (awarding $2,500.00).

We find this situation and Powell's actions concerning the appeal particularly egregious. In its September 3, 2020 order, the trial court made the following findings:

- Powell had no authority to initiate, file briefs, file motions, or otherwise participate in this appeal.

- Molloy instructed Powell to dismiss the appeal and he refused.

- The instruction from Molloy to dismiss the appeal should not have been necessary because Powell never had authority to file the appeal.

- This appeal is clearly groundless and frivolous, and no reasonable attorney could fail to conclude that this court would uphold the trial court's ruling.

- The appellate briefing in this case was groundless because the issue was not preserved for lack of objection to the form of the order.

- The appeal was brought in bad faith and includes several false accusations against the Harris County District Clerk's Office, the trial court, and opposing counsel, including accusations of ex parte communications and manipulation of government documents.

- Appellees were injured by the frivolous proceedings because their attorneys expended time and expense on frivolous appeals.

We agree. Powell's conduct was egregious, and this appeal was frivolous, brought in bad faith, and intended to delay and harass the appellees.

During the 2020 hearing regarding Powell's authority to represent Molloy, the parties stipulated to the Fletchers' counsel's calculation of attorney's fees. In July 2022, the trial court ordered Powell to pay the appellate attorney's fees to which the parties stipulated at the August 2020 hearing. Powell appeals that order by separate cause number.[3]

Given the fact that the trial court has already imposed more than $500,000 in sanctions against Powell, we decline to add additional sanctions. TEX. R. APP. P. 45 (stating court "may" award sanctions for frivolous appeals).

---

[3] No. 01-22-00640-CV, *Frank C. Powell and Evans Powell PLLC v. Kevin Fletcher and Steven Fletcher*

13

**Conclusion**

We affirm the judgment of the trial court. All pending motions are denied. Judgment is rendered against the sureties on the appellant's supersedeas bond for the performance of the judgment and for costs rendered against appellant. *See* TEX. R. APP. P. 43.5.


Peter Kelly
Justice

Panel consists of Justices Kelly, Landau, and Farris.